order which has been made. All the issues raised by its answer have been expressly reserved for trial, and the commissioners appointed are not required or authorized to do any act in connection with the property which it owns. In no view can the appellant be prejudiced by any act of the commissioners. If the entire scheme fails, the appellant will not suffer, as its land is not affected, and cannot be, by any act of the commissioners.

It is suggested that it is liable to an assessment for the improvement, but this is speculative, and may or may not occur. Assuming that it be assessed for the improvement, none of its rights to object or contest such assessment will be invaded, nor does this order pretend to cut off or in any wise affect its right so to do. As it has no interest in the proceeding, it cannot be legally affected, and therefore is without ground to make legal complaint.

It follows from these views that the appeal should be dismissed, with $10 costs and disbursements. All concur.

---

TICE et al. v. ATLANTIC CONST. CO. et al.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

Mechanics' Liens against the State.
>   Laws 1897, c. 418, § 5, as amended by Laws 1898, c. 169, providing that persons performing labor and furnishing materials to a contractor for the construction of a public improvement shall have a lien for such materials and services, does not give a mechanic's lien against the state; for, although the terms of the statute include the state, provisions for the enforcement of the law are limited to municipal corporations, and do not apply to the state.

Appeal from judgment on report of referee.

Action by George W. Tice and others against the Atlantic Construction Company and others to enforce a mechanic's lien. From a judgment in favor of defendants, the plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

H. G. Ward (Paul Grout and A. R. Latson, of counsel), for appellants.

P. T. Sherman, for respondents.

VAN BRUNT, P. J. This action was brought to foreclose a lien for the amount due under a contract for a public improvement, claimed under section 5 of the lien law of 1897, as amended by chapter 169 of the Laws of 1898. The improvement in question was the erection at Kings Park, Long Island, of a water-supply system for the Long Island State Hospital under a contract dated August 31, 1897, between the defendant the Atlantic Construction Company and the Long Island State Hospital, acting through its board of managers. That hospital is a state institution. Its property is owned by the state, and the money applicable upon the contract is the money of the state. There remains in the hands of the comptroller of the state of New York

and of the treasurer of the Long Island State Hospital a large sum of money due from the state to the Atlantic Construction Company on account of said contract. The plaintiffs (appellants) are subcontractors and material men having claims against the company for their labor and material on said contract. They claim liens therefor against the money of the state due on the contract. There are other defendants, whose rights it is not necessary to mention. The defendant Moran, as receiver of the construction company appointed in an action brought in the supreme court to sequestrate its property, claimed title to the fund, and pleaded in defense that the people of the state of New York were not a proper party defendant in this action, and could not be joined as such, and it was also claimed upon the trial that there was no authority of law authorizing a lien against money due from the state for a public improvement. These contentions were sustained by the referee, and to his findings the appellants excepted, and from so much of the judgment as dismissed upon the merits the complaint and the claims or counterclaims of said defendant in favor of the people, etc., the plaintiffs and the defendants Wood, Story, and Burkett have appealed.

The only question raised upon this appeal is whether the subcontractors or material men have a right of lien against the money of the state applicable upon a contract for a public improvement, and the right to sue the people of the state in this court to enforce such a lien. An examination of the lien law of 1897, as amended by chapter 169 of the Laws of 1898, seems to show that it has failed to provide any means by which moneys due from the state upon a public improvement can be reached by lien. It is undoubtedly true that there was an attempt to inject into the law allowing liens against moneys due from municipalities the same rights as against moneys due from the state. But this has been so defectively done that it is impossible to enforce any such lien, for the reason that no provision whatever is made in the law by which such a lien may become operative. It is provided that a person performing labor, etc., pursuant to a contract by a contractor with the state or a municipal corporation, shall have a lien for the principal and interest of the value or agreed price of such labor or materials upon the moneys of such corporation applicable to the construction of such improvement. It then provides for the filing of a lien against such corporation, and for the expiration of the lien within three months after the filing thereof with the financial officer of the municipal corporation. It provides that the lien may be discharged, either before or after the beginning of an action, by a contractor executing an undertaking, with two or more sufficient sureties, who shall be freeholders to the state or the municipal corporation with which the notice of lien is filed, etc. Then the Code of Civil Procedure, by section 3400, provides that a lien may be enforced against the funds of the municipal corporation for which such public improvement is constructed to the extent prescribed in article 1 of the lien law. And section 3418 provides that, in an action to enforce a lien on account of a public improvement, the court shall render judgment directing the municipal corporation to pay over to the lienors so much of the funds or money which may be due from

the state or municipal corporation to the contractor as will satisfy such liens.

It is clear, from this survey of the enactment in respect to liens against funds coming from the state, that there are no provisions whatever contained in the law which authorize any proceedings to which the state can be made a party, or in which any judgment can be entered affecting the state. The vital provisions of the statute are expressly restricted to municipal corporations, and throughout the act it is apparent that moneys due from such corporations only are to be reached. Where the term "corporation" is used, it cannot possibly have any applicability to the state, because the state is not a corporation, but a sovereign, which creates corporations, and by whose permission alone corporations are allowed to exist. It would be a great stretch of construction for the court to bring a sovereign state within its jurisdiction, where the legislature has only conferred the right to act as against corporations. The provisions for the filing of the lien, the provisions for its discharge, the provisions of the Code for its enforcement, relate solely to municipal corporations, and it is only in the declaratory part of the act that the state seems to be directly named. In all the operative sections municipal corporations are referred to almost exclusively. We do not think that by liberality of construction so great an anomaly as suits against the sovereign can be ingrafted upon the law.

We are of opinion, therefore, that there was no provision of law authorizing the foreclosure of liens against moneys due from the state to the contractor for public improvements, and that the judgment should be affirmed, with costs. All concur.