(50 Misc. Rep. 40.)

MASON v. BOARD OF TRUSTEES OF NEW YORK STATE HOSPITAL FOR TREATMENT OF INCIPIENT PULMONARY TUBER- CULOSIS et al.

(Supreme Court, Special Term, Albany County. March, 1906.)

1. MECHANICS' LIENS—ENFORCEMENT AGAINST STATE.

Laws 1897, p. 517, c. 418, § 5, as amended by Laws 1902, p. 74, c. 37, gives a lien on the funds in the hands of the state appropriated for a public improvement on performance of the work with reference to which the improvement has been made. *Held*, that there are no provisions in the Code of Civil Procedure for the enforcement of the liens given by such statutes.

2. SAME.

Where, in an action to foreclose a lien acquired for the amount due for materials and labor furnished to contractors employed in the erection of a state hospital, the state is made a party defendant, its demurrer on the ground that it appears on the face thereof that the court has no juris- diction of defendant will be sustained.

Action by Arthur F. Mason against the Board of Trustees of the New York State Hospital for the Treatment of Incipient Pulmonary Tuberculosis and others. The state demurred to the complaint. Demurrer sustained.

Lynn Bros., for plaintiff.
Fowler, Crouch & Vann, for defendant Fowler, as receiver.
Levy & Barrett, for defendant McGuire & Co.
H. P. Coates, for defendant W. Edgar Trombley and others.
Julius M. Mayer, Atty. Gen. (James G. Graham, Deputy Atty. Gen.), for defendant State of New York.

FITTS, J. This action was brought to foreclose a lien for the amount due under a contract for a public improvement for materials

and labor furnished by the plaintiff to the defendants the E. H. Denniston Company, who were contractors employed in the erection of a hospital for the defendant the Trustees of the New York State Hospital for the Treatment of Incipient Pulmonary Tuberculosis, at Ray Brook, in the county of Essex in this state. By the provisions of chapter 416, p. 961, of the Laws of 1900, the defendant the Board of Trustees of the New York State Hospital for the Treatment of Incipient Pulmonary Tuberculosis was created a body corporate, the object of the enactment being the establishment and maintenance by the state of a hospital in the Adirondacks for the treatment of incipient pulmonary tuberculosis. By the provisons of that act the board of trustees was authorized to purchase land and to erect buildings thereon for the purposes contemplated by that act, and was given power to make and award contracts for the erection of said buildings and equipment of the same. By the act in question the sum of $50,000 was appropriated for the purchase of a site, and the erection and equipment of the buildings rendered necessary by its provisions; and the Treasurer of the state was authorized, on the warrant of the Comptroller and the certificate of the state architect, to pay to the treasurer of the trustees of said hospital the above-named sum in such amounts as might from time to time in their judgment be necessary. Pursuant to the power conferred by said act, the board of trustees entered into a contract with the E. H. Denniston Company for the erection of certain hospital buildings at Ray Brook, in the county of Essex and state of New York, and the same are now completed. The contractor made various assignments of amounts to become due to it under the contract, and there were also filed with the State Comptroller and state architect and with the president and treasurer of said board of trustees notices of liens claimed on behalf of the plaintiff and others against the funds held by the state to the credit of this work, or to the credit of the board of trustees. The notice of lien of the plaintiff herein was filed on the 19th day of May, 1904, at which time certain moneys appropriated to the board of trustees for the purpose of the erection of the buildings was in the hands of the State Treasurer or board of trustees, and had not been paid out for the work performed under the contract awarded to the E. H. Denniston Company.

Plaintiff claims that, by virtue of the provisions of chapter 418, p. 514, of the Laws of 1897, as amended by chapter 37, p. 74, of the Laws of 1902, he has acquired a lien on said fund, and is entitled to enforce it against the state and against said fund to the extent of any amount that may be found due to him for labor done or material furnished under the contract in question.

The defendant the state of New York has interposed a demurrer to the complaint, on the ground that it appears on the face thereof that the court has not jurisdiction of the person of said defendant. It is the contention of the defendant that the state has not conferred jurisdiction on the court to enforce a lien against the fund in question. The state, being sovereign, can be sued only by its own consent. Sander v. State of New York, 182 N. Y. 400, 75 N. E. 234. Under the lien law as originally enacted (chapter 418, p. 514, Laws 1897), there was no

provision of law by which a lien could be enforced against the state or upon money due from the state to a contractor. Tice v. Atlantic Construction Co., 52 App. Div. 284, 65 N. Y. Supp. 79. In that case the court held that chapter 418, p. 574, of the Laws of 1897, which was apparently designed to permit the filing, by a person furnishing labor or materials to a contractor with the state, of a lien for the value of such labor or materials against moneys of the state applicable to the contract, is so defectively drawn that it fails to accomplish its purpose; the provisions for the filing of the lien, for its discharge, and for its enforcement relating solely to municipal corporations.

The case of Tice v. Atlantic Construction Co. was decided by the First Department in June, 1900. Subsequently, and for the apparent purpose of curing the defects then existing in the lien law, and to provide for the acquiring of a lien upon moneys in the hands of the state appropriated for public improvements, the Legislature amended sections 5 and 12 of that act. Laws 1902, p. 74, c. 37. As so amended, section 5 reads as follows:

"Sec. 5. Liens under contracts for public improvements.—A person performing labor for or furnishing materials to a contractor, his sub-contractor or legal representative, for the construction of a public improvement pursuant to a contract by such contractor with the state or a municipal corporation, shall have a lien for the principal interest of the value or agreed price of such labor or materials upon the moneys of the state or of such corporation applicable to the construction of such improvement, to the extent of the amount due or to become due on such contract, upon filing a notice of lien as prescribed in this article."

So, under the lien law as now amended, it is possible to acquire, under circumstances warranting the same, a lien upon the funds in the hands of the state appropriated for a public improvement, upon performance of the work with reference to which the appropriation has been made. By section 23 of the lien law (Laws 1897, p. 525, c. 418) the method and manner for the enforcing of the lien created by that act are regulated and prescribed by sections 3398 to 3419, inclusive, of the Code of Civil Procedure; the sections particularly applicable thereto being sections 3400 and 3418.

Section 3400 reads as follows:

"Sec. 3400. Enforcement of a lien under contract for a public improvement.—A lien for labor done or materials furnished for a public improvement may be enforced against the funds of the municipal corporation for which such public improvement is constructed, to the extent prescribed in article one of the lien law, and against the contractor or sub-contractor liable for the debt, by a civil action, in the same court and in the same manner as a mechanic's lien on real property."

Section 3418 reads as follows:

"Sec. 3418. Judgments in actions to foreclose liens on account of public improvements.—If, in an action to enforce a lien on account of a public improvement, the court finds that the lien is established, it shall render judgment directing the municipal corporation to pay over to the lienors entitled thereto for work done or material furnished for such public improvement, and in such order of priority as the courts may determine, to the extent of the sums found due the lienors from the contractors, so much of the funds or money which may be due from the state or municipal corporation to the contractor, as will satisfy such liens, with interest and costs, not exceeding the amount due to the contractor."

After the decision of the Appellate Division in Tice v. Atlantic Construction Co., above referred to, while the Legislature amended the lien law permitting the acquiring of a lien under the circumstances detailed in the complaint herein, it did not amend the sections of the Code regulating and providing for its enforcement.

The question now to be determined is, has the Supreme Court under these circumstances jurisdiction over the sovereign, the state of New York? The lien sought to be enforced in this action was acquired as prescribed by law, but the provisions of the Code of Civil Procedure, enacted for the enforcement of liens relative to public improvements, do not confer upon the Supreme Court power or authority to enforce the same against the sovereign, the state of New York. The reasoning of Judge Van Brunt in stating the opinion of the court in Tice v. Atlantic Construction Co. seems to be particularly applicable to the facts in this case. At page 286 of 52 App. Div., page 80 of 65 N. Y. Supp., referring to the provisions of the Code applicable to the enforcement of liens, he stated:

"Then the Code of Civil Procedure, by section 3400, provides that a lien may be enforced against the funds of the municipal corporation for which such public improvement is constructed to the extent prescribed in article 1 of the lien law. And section 3418 provides that, in an action to enforce a lien on account of a public improvement, the court shall render judgment directing the municipal corporation to pay over to the lienors so much of the funds or money which may be due from the state or municipal corporation to the contractor as will satisfy such liens. It is clear from this survey of the enactment in respect to liens against funds coming from the state that there are no provisions whatever contained in the law which authorize any proceedings to which the state can be made a party, or in which any judgment can be entered affecting the state. The vital provisions of the statute are expressly restricted to municipal corporations, and throughout the act it is apparent that moneys due from such corporations only are to be reached. Where the term 'corporation' is used, it cannot possibly have any applicability to the state, because the state is not a corporation, but a sovereign which creates corporations, and by whose permission alone corporations are allowed to exist. It would be a great stretch of construction for the court to bring a sovereign state within its jurisdiction, where the Legislature has only conferred the right to act as against corporations."

The conclusion reached by the court in that case was that there was no provision of law authorizing the foreclosure of liens against moneys due from the state to the contractor for public improvements. Therefore, I am constrained to hold, upon the authority of Tice v. Atlantic Construction Co., above cited, that this court has not jurisdiction in this action of the defendant the state of New York.

The demurrer is therefore sustained, with costs.

Demurrer sustained, with costs.