THE PIONEER FIREPROOF CONSTRUCTION COMPANY

v.

JAMES HOWELL.

*Opinion filed February 20, 1901.*

1. MASTER AND SERVANT—*master should provide a reasonably safe place to work.* The master is bound to use reasonable care to keep the place where his servant is at work in a reasonably safe condition, and for failure to do so is liable, unless the servant knows of the danger to which he is exposed and thereafter remains in the exposed position.

2. SAME—*whether servant had knowledge of the danger is for the jury.* Whether a servant had knowledge of the danger to which he was exposed, or had knowledge of facts from which may be inferred that he knew of the danger, is a question of fact for the jury.

3. EVIDENCE—*contracts are best evidence of relationship of the several parties thereto.* In an action against the owner of a building, the contractor and sub-contractor, to recover damages for an injury received by an employee of the sub-contractor, the contracts and specifications are the best evidence of the relation of the defendants to one another.

*Pioneer Fireproof Construction Co.* v. *Howell,* 90 Ill. App. 122, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

AMERICUS B. MELVILLE, and FRANK J. CANTY, for appellant.

GEORGE WILLARD, and SIDNEY B. SMITH, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action on the case to recover damages for a personal injury alleged to have been sustained by the plaintiff while engaged in setting tile in one of the lower floors of a twelve-story building in process of construction by the defendants below in the city of Chicago, by being struck upon the head by a red-hot rivet which was dropped from one of the upper stories. "The Fair" was

the owner of the building, the George A. Fuller Company the contractor, and the Pioneer Fireproof Construction Company a sub-contractor of the fireproofing. The plaintiff was in the employ of the Fireproof Construction Company. The court took the case from the jury as to "The Fair." The jury found the George A. Fuller Company not guilty and returned a verdict for $1000 against the Pioneer Fireproof Construction Company. A judgment was entered thereon, which has been affirmed by the Branch Appellate Court for the First District, and this appeal is prosecuted from such judgment of affirmance.

At the close of the evidence of the plaintiff, and again at the close of all the evidence, appellant asked the court to instruct the jury to find it not guilty, which the court declined to do, and the action of the court in that behalf has been assigned as error.

In the erection of buildings of the character of the one here in course of construction it is usual for work to proceed upon more than one story thereof at the same time. The iron or steel framework is first set up, then the riveting, centering, tiling, etc., follow. Such is conceded to have been the order of work in this case, with the exception of the centering. The floors of the building are laid with tile and are supported by iron or steel girders shaped like an inverted letter "T," laid parallel to each other, between which, as rapidly as the work of the riveters will permit, the center men place boards two or three inches apart, which temporarily support the tile as the same is being set, and which also serve as a protection to the tile-setters, while at work, from falling materials from above. The framework, after being placed in position, is held firmly in place by iron rivets, which before being used are heated to a red heat in portable forges, from which they are taken by a workman with tongs and thrown to the riveters, by one of whom they are caught in a pan or keg. At the time of the injury the riveters were at work on the frame in the first

story above where the plaintiff was setting tile. A rivet was thrown too high, struck a girder, was deflected from its course, and, not being caught, fell and struck the plaintiff and injured him.

It is alleged in the declaration that the defendants failed to properly center the floors of the stories of the building above the place where the plaintiff was at work so as to protect him from falling rivets and other materials from above, and left the place were plaintiff was at work so exposed and unguarded that by reason of such neglect said rivet fell the distance of thirty feet with great force and velocity and struck plaintiff upon the head. There was a conflict in the evidence as to the condition of the floors between the riveters and plaintiff at the time of the injury,—whether the same were properly centered, or centered at all, in that part of the building; also, whether plaintiff knew he was in an exposed situation and liable to be injured. All the witnesses agreed the riveters had only been at work a very short time when the injury occurred. The workman whose business it was to catch the rivets testified that he dropped them only occasionally; that the one which struck plaintiff was the only one he remembered dropping that day. Plaintiff testified that he did not notice the riveters were at work above him. The work at which the plaintiff was engaged was not attended with danger, unless it be from falling materials from above. The defendants were bound to use reasonable care to keep the place where plaintiff was at work in a reasonably safe condition, and for a failure so to do are liable unless plaintiff knew of the danger to which he was exposed and thereafter remained in such exposed position and thereby took upon himself the risk of being injured. Whether plaintiff had such knowedge or had knowledge of facts from which it may be inferred he knew of the danger, is a question of fact to be passed upon by the jury. We are of the opinion the case was properly submitted to the jury and that the court did not

err in declining to instruct the jury to find the issues for the defendant.

It is contended the court erred in refusing to strike out and withdraw from the jury the contract and specifications between "The Fair" and the George A. Fuller Company, for the reason that the plaintiff is not a party thereto and because by contract the George A. Fuller Company could not rid itself of a liability for negligence. The court admitted in evidence the contracts and specifications between "The Fair" and the George A. Fuller Company, and between the George A. Fuller Company and the Pioneer Fireproof Construction Company, to show that "The Fair" let to the defendant the George A. Fuller Company the contract for the erection of said building, and that the George A. Fuller Company let to the defendant the Pioneer Fireproof Construction Company the contract for the fireproof construction in said building and for no other purpose, and so expressly instructed the jury. The contracts and specifications were the best evidence of the relation of the defendants to one another, and, limited in the consideration thereof as the jury were by the instructions of the court, could not have prejudiced the case of the appellant. The court did not err in refusing to strike out such evidence.

It is next urged that the court erred in refusing to give to the jury one of the instructions offered on behalf of appellant and in giving to the jury three instructions submitted on behalf of the George A. Fuller Company. The refused instruction was substantially covered by those given, and the appellant was not injured by those given on behalf of its co-defendant. We are of the opinion the instructions, when taken as a whole and considered as one series, fully advised the jury as to the law of this case.

We have examined this record with care and find no reversible error therein. The judgment of the Appellate Court will therefore be affirmed.    *Judgment affirmed.*