THE GRACE & HYDE COMPANY

*v.*

FRED C. SANBORN.

*Opinion filed December 22, 1906—Petition stricken Feb. 7, 1907.*

1. PLEADING—*defective statement of a cause of action may be cured by verdict.* A declaration which, on demurrer, would be bad, as defectively stating a cause of action, may be good after verdict.

2. SAME—*when failure of declaration to state facts raising duty is cured.* Failure of a declaration, in an action by a servant against the master for injuries received from the falling of a derrick with which he was working, to state in what way the master was negligent, is cured by verdict.

3. MASTER AND SERVANT—*when servant does not necessarily assume risk of injury.* A laborer called to work with a derrick, with the erection of which he had nothing to do and with which he has not previously worked, does not necessarily and as a matter of law assume risk of injury from the falling of the derrick, even though the absence of guy-ropes was obvious, where an attempt had been made to anchor the derrick with iron weights, which proved to be insufficient for the purpose intended.

WILKIN, CARTWRIGHT and HAND, JJ., dissenting.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. R. W. WRIGHT, Judge, presiding.

This is an appeal from the judgment of the superior court of Cook county against appellant for $21,450 in favor of appellee, rendered November 11, 1904, on a verdict in an action for personal injury.

The original declaration contained only one count, to which the defendant filed a plea of not guilty. By leave of court plaintiff filed two additional counts, the first of which he withdrew in open court before any evidence was offered before the jury. The second additional count alleged that the defendant was engaged in the business of constructing a building at Polk street and Pacific avenue, Chicago, and that on or about the 27th day of December, 1901, "plaintiff was employed by defendant in the capacity of a laborer to do certain work for defendant upon, in, around and near said building, and near to a certain derrick that was then and there in the possession of and being used and operated by defendant to unload certain iron columns and other iron work from a car standing upon a track near said building; that while plaintiff, in the exercise of ordinary care on his part, was in the necessary discharge of his duty as an employee of defendant at and near said building, said derrick, by reason of the carelessness and negligence of defendant, fell down" upon the plaintiff and injured him.

The case came to trial on the original declaration and this second additional count June 21, 1904. At the close of plaintiff's evidence defendant moved to exclude all the evidence from the jury and instruct it to find a verdict of not guilty. This motion was denied. The defendant declined to introduce any evidence and announced that it rested its case. Thereupon it renewed and urged its motion to direct a verdict for the defendant, which was again denied. One instruction was given at the request of plaintiff and thirty-four at the request of the defendant. One of the instructions given for the defendant instructed the jury that the plaintiff could not recover under the count in the original declaration, and that as to that count the verdict should be not

guilty.    The plaintiff excepted to the giving of this last instruction.    The court refused six instructions for the defendant.    After verdict, motions for new trial and in arrest of judgment were overruled by the court.    On appeal the verdict and judgment of the trial court were sustained by the Appellate Court.    Defendant thereupon appealed the cause to this court.

F. J. CANTY, E. E. GRAY, and J. C. M. CLOW, (H. E. LONG, of counsel,) for appellant.

JOHN F. WATERS, and C. H. JOHNSON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The case went to the jury only upon the second additional count set out in the preceding statement, and it is insisted that it stated no cause of action.    The alleged defect in this count was raised by a request for an instruction at the close of the evidence to take the case from the jury, and also by a motion in arrest of judgment.    Its sufficiency was not challenged by demurrer.    The rule is different when the sufficiency of a count in a declaration is raised by demurrer than when it is questioned upon appeal.    Declarations which may be defective statements of a cause of action which on a proper demurrer would be held defective may be good after verdict.    "A verdict will aid a defective statement of a cause of action by supplying facts defectively and imperfectly stated or omitted which are within the general terms of the declaration."    (*Sargent Co.* v. *Baublis,* 215 Ill. 428.)    "Defects and omissions in pleadings, in substance or form, which would have been available on demurrer, are cured by the verdict where the issues joined are such as necessarily require proof of the facts so defectively presented, and without which proof it is not to be presumed that the court would have directed or the jury would have given the verdict."    (*Baltimore and Ohio Southwestern Railway Co.* v.

*Keck,* 185 Ill. 400.) It is here insisted that the count in question does not state in what way appellant was negligent, but after verdict the defect would be cured under the rule laid down in the case last cited. (See, also, *Consolidated Coal Co.* v. *Scheiber,* 167 Ill. 539; *Keegan* v. *Kinnare,* 123 id. 280.) In the authorities chiefly relied on by appellant the question here under discussion was raised by demurrer. The facts and pleadings are so different in the case of *Klawiter* v. *Jones,* 219 Ill. 626, that that case does not uphold the contention of appellant. In *Sargent Co.* v. *Baublis, supra,* we said (p. 432) : "The negligence alleged is, that the defendant negligently and carelessly permitted the grindstone to be and remain in a defective and dangerous condition, and there is no statement what defect existed in it or how or why it was dangerous. This objection to the generality of the statement without setting out the nature of the alleged defect is one that should have been taken by demurrer, and the defect was cured by the verdict." In this case it appears from the declaration that the plaintiff was the servant of the defendant, and that while plaintiff was in the necessary discharge of his duty as such servant he was injured by reason of the negligence of the defendant. The master owes to the servant the duty of refraining from injuring him by any negligent act while the servant is in the performance of his duties. The declaration, therefore, states facts from which the defendant's duty to the plaintiff above mentioned appears, and this case is in this respect distinguished from *McAndrews* v. *Chicago, Lake Shore and Eastern Railway Co.* 222 Ill. 232, where the relation of master and servant did not exist. In our opinion the second additional count after verdict was sufficient to sustain the action.

It is urged appellee assumed the risks. He had been a structural iron worker for about sixty-five days before his injury. Early in the month in which he was injured he worked for appellant, but at that time had nothing to do

with the derrick. ˙ He had quit his employment but resumed
work for appellant about three days before his injury. The
derrick was what is known as a grass-hopper or three-legged
derrick, standing sixteen to eighteen feet high, with a boom
twenty-five to thirty feet long. The legs were eight to ten
inches square, the boom ten to twelve inches square. The
sills were also eight to ten inches square. The testimony
tends to show the man in charge told the workmen, when
placing the derrick, to place iron ballast upon the hind or
stiff leg, so as to hold it firmly in place, at the same time
marking how high the ballast should be piled; that while
the workmen were so piling the ballast, one Frank Misho,
the general superintendent, ordered them away, and that
they quit piling the ballast when it was about one-third of
the distance up to the place marked. Appellant claims the
evidence shows some of this ballast was changed after the
derrick was erected, but this claim is not sustained by the
record. Some of plaintiff's witnesses, when interrogated
as to whether they had not so stated to appellant, denied
that they ever had, and testified that they knew of no ballast
having been removed, and appellant did not attempt to im-
peach them on this point. There is also evidence, uncon-
tradicted, that some days previous to the accident, while
the derrick was being used to move some iron beams, it
tilted partially over, and the men quit, one of them telling
the superintendent it was not properly weighted or guyed.
The derrick was not fastened with guys. The night before
the accident one of the workmen informed the superintend-
ent that he thought it was not properly weighted or guyed.
In both these instances the superintendent, Misho, said the
derrick was all right. There is nothing to show plaintiff
knew about these complaints or had any information that
the derrick was not safe. Plaintiff himself testified he had
not assisted in working the derrick until the morning of the
injury, which statement is corroborated by other testimony.
One of the witnesses for plaintiff testified that plaintiff had

something to do in assisting with the derrick the night before the injury, but we think a careful reading of his testimony will show that it is not inconsistent with plaintiff's statement that he worked in helping to move some of the iron pillars near the derrick the night before, but did not have anything to do with the derrick until the following morning, shortly before the accident occurred; that on that morning for the first time he was sent by the superintendent to assist in lifting up, moving and placing certain iron columns by means of the derrick. The very first iron column they attempted to move that morning caused the derrick to tip over. It appears from the evidence that it tipped over either from insufficient ballasting or from failure to have it steadied by guys. In falling it struck the plaintiff in the back, breaking one of the vertebræ. He was then thirty-three years old. His injury was permanent, the lower limbs being paralzyed, and he was never afterward able to control the urinal or excretal organs.

It is obvious from this brief statement of evidence that the question of assumption of risk by appellee was one for the jury, under proper instructions, and not of law for the court. (*Pioneer Construction Co.* v. *Howell*, 189 Ill. 123; *Libby, McNeill & Libby* v. *Cook*, 222 id. 206; *Gunning System* v. *Lapointe*, 212 id. 274; *Indiana, Illinois and Iowa Railroad Co.* v. *Otstot*, 212 id. 429.) The defect in the erection of the derrick was not so plain and obvious that it would be known from observation by a reasonably prudent man in the situation of appellee. He could readily see that there were no guy ropes on the derrick, but the proof tends to show that if it had been properly weighted down the accident would not have occurred. The jury found, from the evidence, that the derrick fell by reason of being insufficiently anchored or guyed. Appellee was not under obligation to inspect carefully the machinery and surroundings.

We do not agree with appellant that the reasoning of this court in *Illinois Central Railroad Co.* v. *Swift*, 213 Ill.

307, must cause us to hold in this case that appellee cannot recover. In that case the injury of the plaintiff was evidently caused by his own neglect and by something that a workman with his experience should have readily apprehended. In the case now before us the plaintiff could not tell, from the brief inspection that it was possible for him to make before the accident occurred, that the derrick was not sufficiently weighted down to do the work undertaken. The jury found that the accident was caused, not by the carelessness or neglect of the men working at the derrick, but by reason of the fact that it was not properly weighted down or guyed.

We do not think the special findings of the jury are in conflict with the instructions of the court or the weight of the evidence. The instructions given covered fully and favorably for appellant the law in the case.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

WILKIN, CARTWRIGHT and HAND, JJ., dissenting.