WILLIAM A. CHENOWETH, Appellee, vs. BRADLEY BURR,
Appellant.

*Opinion filed October 26, 1909—Rehearing. denied Dec. 9, 1909.*

1. BRIEFS—*appellant should specify in what respect declaration is insufficient.* A defendant who appeals from a judgment against him in a personal injury case and claims that the declaration failed to state a cause of action should specifically point out in his brief the objections he relies upon.

2. PLEADING—*an objection to generality of averment of defect should be made by demurrer.* Where a declaration in a personal injury case avers that the saw with which the plaintiff was working was out of repair and defective, an objection to the generality of such averment is only available on demurrer.

3. APPEALS AND ERRORS—*Supreme Court does not weigh evidence in passing on refusal to direct verdict.* The Supreme Court cannot weigh the evidence in determining whether it was proper, in a personal injury case, to refuse to direct a verdict for the defendant, who contends that the injury resulted from an assumed risk, contributory negligence and negligence of a fellow-servant; and if there is any evidence in the record tending to negative such contentions they cannot be sustained.

4. FELLOW-SERVANTS—*when injury is not a result of negligence of a fellow-servant.* While a foreman may, with respect to particular acts, be a fellow-servant of the men under his authority, yet if an injury to one of such men results from obeying a negligent order of the foreman and not from negligence of the foreman in doing the work they were engaged in, the injury is not, in effect, the result of the negligence of a fellow-servant.

5. NEGLIGENCE—*rule where servant is injured in obeying specific order.* If a servant is injured while obeying his foreman's specific order to operate a rotary rip-saw in a certain way, the fact that he knew the saw was working badly in the way he had been using it does not charge the servant with an assumption of the risk or with contributory negligence, unless the danger from operating the saw as directed by the foreman was so obvious that no one of ordinary prudence would, with such knowledge, incur the risk.

6. SAME—*what questions in negligence case are for jury.* It is for the jury to determine the truth of the conflicting testimony as to how near the teeth of a rotary rip-saw the plaintiff put his hand in taking hold, at the direction of his foreman, of the piece of wood being sawed, and it is for the jury to say whether he

was in the exercise of ordinary care for his safety in determining where he would place his hand.

7. INSTRUCTIONS—*when instruction as to determining preponderance is proper.* An instruction stating that the preponderance of the evidence is not to be determined, alone, by the number of witnesses testifying to any fact or state of facts is proper.

8. SAME—*when refusal of fellow-servant instruction is proper.* Refusal of an instruction in a personal injury case stating that the plaintiff could not recover if his injury resulted from the negligent act of a fellow-servant is proper, where there was no evidence requiring it to be given, and also where there was no instruction defining the meaning of the term "fellow-servant" or stating the circumstances under which the relation might exist.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

WILLIAM A. DOYLE, and JOSEPH J. THOMPSON, for appellant.

T. J. LARAMIE, and WOLFF & ROTHSCHILD, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an action on the case to recover damages for personal injuries sustained by William A. Chenoweth while in the employ of Bradley Burr. Appellee recovered a judgment in the circuit court of Cook county for $1500, which has been affirmed by the Appellate Court. By his further appeal Burr brings the record to this court for review.

The declaration consists of three counts. The first count charges that appellant was the owner and operator of a wagon factory; that in said factory there was a certain revolving or circular saw, and in the course of his duty as an employee, on the 10th day of June, 1903, while working about said circular saw in the exercise of due care for his own safety, by the negligence, carelessness and misconduct

of appellant, appellee's hand was thrown, drawn and forced against said saw, and thereby the fingers of his right hand were cut off. The second count, after averring the relation of the parties, and that appellee, in the course of his duties as an employee, was engaged in working about said circular saw, charges that the saw was in a defective and unsafe condition, and that this fact was known to appellant and unknown to appellee, and that by reason of the defective and unsafe condition of the saw appellee was injured while in the exercise of due care for his own safety. The third count charges that Charles C. Burr was the superintendent and foreman of appellant's factory, and that appellee was injured through the negligence, carelessness and misconduct of said Charles C. Burr. Appellant filed the general issue to all of these counts.

The evidence, which is conflicting, tends to show the following facts: Appellee was a wagon wood-worker and had worked at his trade about nine years. About eight months before the accident he applied to appellant for employment. Charles C. Burr, a son of appellant and general superintendent and foreman of his father's factory, employed appellee as a general repair man. When a broken wagon was brought to the factory it was the appellee's duty to do the wooden work in repairing it. When appellee was employed he testifies that the superintendent told him that he wanted a man who could use the machine, and asked appellee if he could do that and appellee told him that he could, and thereupon appellee was engaged and went to work. On June 10, 1903, appellee was repairing a wagon at his bench, and the superintendent told him that when he finished the job he was then engaged upon, to rim up a pair of wheels which were not finished and to fix up a pair of wheels for John, the blacksmith. Thereupon appellee picked up four rims, 2x2, and took them to the rip-saw to rip them down to the proper size to fit the tires. These rims were called "half-rounds." Two of them fitted together would form a

circle the size of a wheel. In order to size them up on the
rip-saw the operator would hold a half-round in his hands
while standing in front of the saw. The lower end of the
half-round was placed on the board or table in which the
saw was countersunk and was moved up by hand until it
came against the saw. There was a perpendicular board on
the right-hand side of the saw from the operator, one and
one-half inch from the saw. This board was intended as a
guide-board, against which the half-round was held while
passing it through the saw. The operator would hold the
half-round against the guide-board and on the saw table
and feed it to the saw by gradually lowering the end next
to the operator. As the half-round passed through the saw
the finished or sawed part of the half-round would appear
gradually rising on the opposite side of the saw. Appel-
lee attempted to put a half-round through the saw in the
manner above described. When the half-round was partly
through he testified that the saw kicked back, so as to cause
the half-round to jerk toward him. Appellee was unable
to get the saw to work. He says that the saw was not
steady and that the points of the teeth were dull or broken.
Appellee reported his failure to make the saw work, to su-
perintendent Burr, who came up and said: "We will make
it go through; it is a small job; you get around and steady
the rim up against the guide and we will pull it through."
Burr then took the half-round and took his position in front
of the saw and undertook to push it through. When it ap-
peared on the opposite side of the saw far enough for ap-
pellee to take hold of it, he took hold of the half-round
about five inches above the saw to steady it against the
guide-board, as he had been instructed to do by Burr.
While holding the half-round in this way the saw hung
in the wood and knocked or kicked the half-round toward
Burr, thus bringing appellee's right hand suddenly in con-
tact with the saw, cutting off the ends of the fingers of his
right hand.

The foregoing facts are testified to by appellee, while Charles C. Burr contradicts him in most of the material matters testified by appellee.

Appellant contends that the judgment of the Appellate Court should be reversed for the following reasons: (1) Because the declaration in neither of its counts states a cause of action; (2) because the court erred in refusing appellant's motions for a directed verdict; (3) because the court erred in its rulings upon instructions.

*First*—Appellant's first contention is that the declaration does not state a cause of action. Appellant cites *Chicago, Wilmington and Vermilion Coal Co.* v. *Moran,* 210 Ill. 9, in support of the proposition that "there must be one good count in the declaration which will sustain the judgment." Appellant then proceeds to set out in his brief the substance of the allegations of the three counts. Then he sets out some quotations from three Appellate Court decisions, none of which have any application to the question under consideration. Appellant then cites a case from some other State, reported in the 67th Atlantic Reporter, 346, which it is said is much like the case at bar. Appellant concludes his discussion of the sufficiency of the declaration by a quotation from the 79th Northeastern Reporter, 547, which, so far as we can see, has no bearing upon the sufficiency of the declaration in this case. It is impossible to tell from appellant's argument what his objections to this declaration are. In order to enable the court to pass on the objections relied on they should be specifically pointed out. From a careful reading of the declaration we are unable to discover any objection thereto except that it is somewhat general in its allegations. It is charged distinctly in the declaration that the saw was defective and out of repair, and that by reason thereof appellee was injured while exercising due care for his own safety. It is not averred in what particular the saw was out of repair or defective, but an objection based on the generality of this averment could

only be made available on demurrer. It is too late to raise such objection after verdict. *Grace & Hyde Co.* v. *Sanborn,* 225 Ill. 138.

*Second*—Appellant contends that the court erred in refusing to direct a verdict on his motion made for that purpose at the conclusion of appellee's evidence and renewed again at the close of all the evidence. In support of this contention it is argued that the injury resulted from an assumed risk, contributory negligence and from the negligence of a fellow-servant. If there is any evidence in the record fairly tending to negative these contentions they can not be sustained. We cannot weigh the evidence and determine the question by our opinion as to its preponderance. The third count of the declaration charges that the injury resulted from the negligence and reckless conduct of Charles C. Burr, who was then acting as superintendent and foreman for appellant. The evidence shows that Charles C. Burr was in full and complete charge of appellant's factory; that he made the contract of hiring with appellee and gave orders and directions to him concerning his work. There is no theory of the evidence upon which it can be contended that appellee and the superintendent were fellow-servants generally. Burr occupied a position as vice-principal in giving orders and directions to the appellee. It is true that one may be a vice-principal in respect to certain acts and a fellow-servant as to others. A section foreman in giving commands to his men is clearly a vice-principal, but if he joins the men under him in doing the common labor which they are doing he is as to such work a fellow-servant, and the master would not be liable for an injury resulting from the careless manner in which he performs such common labor. In the case at bar appellee's injury did not result from the careless manner in which Burr performed the work of running the half-round through the saw. It is not pretended that there was any carelessness in the manner in which he did the work. His negligence consisted in his

ordering appellee to take hold of the half-round behind the saw when the saw was so out of order that it was liable to knock or kick the half-round forward and thereby bring the appellee's hand in contact with the saw. There was no charge in the declaration that the superintendent gave a negligent order, but there was a general charge of negligence against him, and no objection was made to the declaration, by way of demurrer, on account of the generality of its averments. There is no substantial ground for appellant's contention that the injury resulted from the negligence of a fellow-servant. In view of the evidence that appellee's injury occurred while he was engaged in carrying out a specific order of his master, we cannot hold, as a matter of law, that appellee was either guilty of contributory negligence or that he assumed the risk of injury although he had knowledge of the defect in the saw. While he knew, from having attempted to use it only a few minutes before, that the saw was liable to kick back when the half-round was being held only at one side, yet we think it not unreasonable that appellee would rely upon the superior knowledge of the superintendent, and, so relying, would believe that when the half-round was supported at both ends the saw could be made to do the work. The rule of law with reference to the assumption of risk when the servant is acting under specific directions from his master is, that a knowledge of the danger will not defeat a recovery unless the danger was so imminent that no one of ordinary prudence with such knowledge would incur the risk. (*Offutt v. World's Columbian Exposition,* 175 Ill. 472.) There is a conflict between the testimony of appellee and superintendent Burr as to the manner in which appellee took hold of the half-round. Burr testifies that his right hand was within an inch or two of the saw, while appellee says his hand was five inches above the saw. It was a question of fact for the jury to determine what the truth was in this regard, and also to determine whether appellee was in the

exercise of reasonable care for his own safety in determining where he would place his hands upon the timber. Under the evidence there was no error in overruling appellant's motions for the peremptory instruction.

*Third*—Appellant next contends that the court erred in giving instructions for appellee and in refusing and modifying instructions offered by appellant. Only two instructions were given for appellee, both of which are assailed by appellant. The first instruction given for appellee is intended to advise the jury of the elements of damages that may properly be considered in case the jury should find, from a preponderance of the evidence, that appellee was entitled to recover. The instruction is one that is often given in cases of this kind and has several times been approved by this court. *Hannibal and St. Joseph Railroad Co.* v. *Martin,* 111 Ill. 219; *Chicago City Railway Co.* v. *Taylor,* 170 id. 49; *West Chicago Street Railroad Co.* v. *Johnson,* 180 id. 285; *Cicero and Proviso Street Railway Co.* v. *Brown,* 193 id. 274; *Chicago Terminal Transfer Railroad Co.* v. *Gruss,* 200 id. 195; *Chicago City Railway Co.* v. *Gemmill,* 209 id. 638; *National Enameling and Stamping Co.* v. *McCorkle,* 219 id. 557; *Donk Bros. Coal Co.* v. *Thil,* 228 id. 233; *Purcell* v. *City of Chicago,* 231 id. 164.

The second instruction given for appellee laid down the rule often approved by this court, that the preponderance of the evidence was not to be determined, alone, by the number of witnesses testifying to any fact or state of facts. The instruction is free from any valid objection, and the rule there laid down has been approved in *Meyer* v. *Mead,* 83 Ill. 19, and *Chicago and Alton Railroad Co.* v. *Fisher,* 141 id. 614.

Appellant contends that the court erred in modifying his first instruction. The modification consisted in adding certain words to the first clause of the instruction. The instruction, as offered, told the jury that before the appellee would be entitled to a recovery he must prove, by the pre-

ponderance of all of the evidence, the following proposi-
tions: "First, that the accident complained of was caused
by the negligence of the defendant or its servant." The
court modified this clause by adding after the word "ser-
vant" the words, "as charged in the declaration or some
count thereof." This modification was entirely proper and
the criticism made thereon seems quite frivolous.

Appellant next contends that the court erred in refus-
ing instructions 4 and 5. Refused instruction No. 4 relates
to the preponderance of the evidence and is fully covered
by instructions 5 and 10 given on behalf of appellant. Re-
fused instruction No. 5 informed the jury that if appellee's
injuries resulted from the negligent act of a fellow-servant
he could not recover. There was no evidence in this case
requiring the court to submit this question to the jury. Be-
sides, the instruction, standing alone, without any other in-
struction advising the jury under what circumstances the
relation of fellow-servants may be found to exist, would
have been very little, if any, aid to the jury in deciding
whether, under the evidence, such relation existed. In *Whit-
ney & Starrette Co.* v. *O'Rourke*, 172 Ill. 177, this court
held that an instruction almost identical with the instruction
now under consideration was properly refused because it
did not define the meaning of fellow-servants but left the
jury to determine that question, unaided by any definition
from the court.

Appellant complains of the refusal of instructions 6, 7,
8, 9, 10, 11 and 12. These instructions, in so far as they
were proper, are covered by other instructions that were
given. It would serve no useful purpose to discuss these
instructions in detail. Suffice it to say that the law ap-
plicable to the facts was very fully given to the jury by
the sixteen instructions which were given to the jury.

Finding no reversible error in the record the judgment
of the Appellate Court for the First District will be affirmed.

*Judgment affirmed.*