Joseph Lesicki, Plaintiff in Error, v. J. Burton Company, Defendant in Error.

Gen. No. 16,403.

1. MASTER AND SERVANT—*what essential to recover where injury followed obedience of order.* Lack of knowledge of the danger to be encountered which resulted in the injury complained of is essential to recover where the servant was injured while acting in obedience to an order of his master.

2. MASTER AND SERVANT—*what does not render servant vice-principal.* The mere fact that a servant was accustomed to give orders to the men with whom he labored does not make him a vice-principal in respect to the common labor which he and the plaintiff at the time were engaged upon.

Action in case for personal injuries. Error to the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 12, 1912.

DAVID K. TONE and H. M. ASHTON, for plaintiff in error.

BULKLEY, GRAY & MORE, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Plaintiff in error, an employe of defendant in error, brought an action on the case for personal injury caused by an accident on a cotton carding machine, which accident resulted in the loss of plaintiff in error's hand. The declaration consisted of but one count, and averred that the defendant in error was operating in its factory a certain carding machine used for cleaning and combing cotton; that the machine consisted of a large number of iron rollers with nails placed close to each other upon said rollers, and projecting above the surface of the rollers; that the rollers were so placed and so caused to revolve toward each other that

the cotton would be pulled in between the rollers and cleaned and carded; that the power was applied by means of a belt that was caused to revolve around a pulley; that there were two pulleys close to each other, one a fast pulley, which was firmly attached to the rollers and the belt, when placed upon it, caused the rollers to revolve, and the other pulley a loose one upon which the belt was shifted when defendant in error desired to stop the machine. When the machine was to be started again the belt would be shifted from the loose pulley to the fast pulley. The power was communicated from the shaft upon which the fast pulley was attached, by means of cog-wheels placed on several of the rollers. The declaration further alleged that on the 11th of November, 1907, a quantity of cotton had become bunched between two of the rollers so that the machine did not work properly; that defendant in error shifted the belt from the fast to the loose pulley, and in that manner stopped the machine; that the foreman of the defendant in error directed the plaintiff in error to remove the cotton from the rollers with his hands, and while plaintiff in error was engaged in removing the cotton the defendant in error, through its foreman, carelessly and negligently shifted the belt from the loose pulley to the fast pulley without the knowledge of, and without warning to, the plaintiff in error, and that by means thereof, plaintiff in error's hand was caught between the rollers of the machine, and cut off.

To this declaration the defendant in error filed a plea of the general issue. A trial was had before a jury, resulting in a verdict and judgment for defendant in error, and this writ of error is prosecuted for the purpose of reversing the judgment.

Plaintiff in error contends that the instructions given by the trial court numbered 8, 10, 11, 12 and 13, on behalf or at the request of defendant in error, were each erroneously given, and were responsible for the verdict of not guilty rendered by the jury.

Instruction No. 8 was as follows:

"The court instructs the jury that the negligence charged by the plaintiff against the defendant in his declaration is that the defendant's foreman, not being a fellow servant, directed the plaintiff to remove cotton from between the rollers of the machine, said machine having been stopped; and that while plaintiff was in the act of removing the cotton, the machine was started by the defendant, and plaintiff's hand was pulled between the rollers. As a matter of law you are instructed that in order to recover any damages in this case whatsoever the plaintiff must have proved by a preponderance of all the evidence in the case, and under the instructions of the court:

First, that defendant by its foreman who was not a fellow servant directed plaintiff to remove cotton from between the rollers;

Second, that at the time of giving such directions, the machine was stopped;

Third, that while plaintiff was removing the cotton the machine was suddenly and without warning started by the defendant;

Fourth, that plaintiff was ignorant of the danger and was at the time and just prior thereto in the exercise of ordinary care for his own safety,

And unless the plaintiff has so proven all of the foregoing propositions, or, if the plaintiff has failed to prove any one of them, he cannot recover in this case, and your verdict should be 'Not Guilty.'"

The objection urged to the above instruction is that the fourth clause of the instruction was erroneous in that it required proof that the plaintiff was ignorant of the danger at the time. It is urged that where a servant was acting under the imperative order of a master, he was not compelled to show that he was ignorant of the danger. It is argued that on the contrary the rule is well settled that where a servant is directed by his master to do a piece of work that is attended with danger, the servant may recover, even though he knows that the work is dangerous, unless the

danger is so imminent that no man of ordinary prudence would incur it.

In Baier v. Selke, 211 Ill. 512, Selke was working in the cellar of Baier and others' brewery, and was directed by the foreman of Baier to clean out a rice tub. The clutch connecting the rice tub shaft with the main shaft was not disconnected as it ought to have been to make the work safe. While Selke was working at the rice tub Weber, the foreman, threw in a clutch which connected the main shaft with the engine, and the shaft in the rice tub not being disconnected from the main shaft, it began to revolve and Selke was injured. The evidence in that case showed that Selke went to the tub and commenced to clean it outside the door and Weber, who was present, said, ''Don't make hocus pocus outside; go right in, everything is ready;'' the plaintiff looked in, and Weber said, ''Just go in, that don't bite you, the machinery. don't start up there;'' that Weber said everything is all right in the rice tub and the plaintiff went in and commenced to clean inside of the tub, and the machinery was afterwards started. At page 515 of the opinion the court, through Mr. Justice Cartwright, said, ''If Weber (foreman) ordered the plaintiff into the rice tub with assurance of safety, when the shaft was not disconnected and the machinery was liable to be started with a certainty of injuring the plaintiff, the defendants would be responsible for the consequence, provided the plaintiff was ignorant of the danger and was himself in the exercise of ordinary care.'' See also Republic Iron & S. Co. v. Lee, 227 Ill. 246; E. J. & E. Ry. Co. v. Myers, 226 *id.* 358.

Under the authority of these cases we think the objections urged to the instructions are not well founded. The facts in that case are not distinguishable in point of principle from the facts shown in evidence in this case, and the rule of law applied to the facts in Baier

v. Selke, we think was properly applied to the facts in the case under consideration.

Instructions 10, 11, 12 and 13 relate to the law of fellow servants, and what facts and circumstances are to be considered in determining that question. The criticism of these instructions made by the plaintiff in error is that they should not have been given because the question of fellow servant was not in the case. They urge in their brief, "to sum up the situation no question of fellow servant was involved in this case." Referring to the declaration we find there alleged, "that plaintiff was directed by a foreman of the defendant, said foreman being a vice-principal of the defendant, and not a fellow servant of the plaintiff, to remove the cotton," etc. The evidence tended to show, and may be said to be undisputed, that the person for whose act the defendant in error was sought to be held liable in the action was one of four workmen who labored for the same employer in the same room around the same machines, and at the same kind of work. There was abundant evidence in the case that the plaintiff in error, at the time of the accident, and Code, the alleged foreman, were engaged in the common labor of putting the machine in which the plaintiff in error was injured, and which he was operating, in running order. A wheel had fallen off the machine and plaintiff in error had stopped and re-started the machine several times in attempting to replace the wheel upon the axle, and while doing so he was joined by Code, who then took a hand in the work. This appears to be the evidence of the plaintiff in error. It appears from the evidence that both of the two elements which enter into the fellow servant question, namely, habitual association and the direct co-operation in the particular business in hand, existed. The mere fact that Code was accustomed to give orders to the men with whom he labored, as shown by the evidence, would not make him vice-principal in respect to the common labor

which he and the plaintiff in error at the time were engaged upon. Chenoweth v. Burr, 242 Ill. 312; Baier v. Selke, *supra.*

It appears, therefore, both from the averments in the declaration and the evidence offered on the trial that the question of fellow servant was involved in the case, and instructions relating to that question were not objectionable provided they stated the law correctly. We do not find in the errors assigned and in the brief of plaintiff in error any specific objections to the instructions given on the fellow servant question, or that they stated incorrectly the law which they assumed to state. The objections made relate to the application of the law given in these instructions to the allegations of the declaration and the facts in issue in the case.

We think there was evidence in the record tending to show that Code at the time the injury was inflicted was acting as the fellow servant of plaintiff in error, engaged in work upon the same machine.

It is also urged that the weight of the evidence in this case was clearly with the plaintiff in error, and that the judgment of the court below should be reversed as manifestly contrary to the weight of the evidence. Upon a careful consideration of the evidence we are of the opinion that it supports the verdict, and we cannot interfere with or set it aside upon the ground that it is manifestly against the weight of the evidence.

We think the trial court did not err in its instructions, and that the judgment should be affirmed. It is accordingly affirmed.

*Affirmed.*