## Albert Hopp, Appellee, v. Chicago City Railway Com=pany, Appellant.

## Gen. No. 16,513.

1. APPEALS AND ERRORS—*when rulings upon evidence will not reverse.* The improper admission or exclusion of evidence will not effect a reversal if no prejudice appears to have resulted.

2. INSTRUCTIONS—*when upon credibility of witnesses, etc., proper.* An instruction upon this subject is not erroneous which informs the jury in substance that they are the judges of the credibility of the witnesses, that they are not bound to regard the evidence as evenly balanced merely by a count of the witnesses, but that in determining such questions they have a right to consider the appearances of the witnesses while on the stand, their manner of testifying, their apparent candor and fairness, their intelligence or the lack of it, and all other surrounding circumstances appearing on the trial.

3. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed April 24, 1912.

JAMES MAHER and WATSON J. FERRY, for appellant.

STEIN, MAYER & STEIN, for appellee; HARRY M. ROSENBLUM, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

A judgment was recovered by appellee in the Superior Court of Cook county against appellant for the sum of $2000 for damages received by appellee while attempting to board a street car of appellant running south on Halsted street and near to the intersection of that street and 47th street. We are asked to reverse this judgment because of certain claimed errors in the rulings of the court on the admission of evidence, and the refusing of an instruction, and because the judgment is not supported by a preponderance of the evidence.

We have carefully examined the record, and find no reversible error in rulings of the court on the admission of evidence. The evidence excluded, on objection of appellee, was immaterial, and that admitted over the objection of appellant, could in no way have changed the verdict.

The instruction complained of, given at the instance of appellee, informed the jurors, in substance, that they were the judges of the credibility of the witnesses; that the jury were not bound to regard the evidence as evenly balanced merely by a count of the witnesses, but that in determining such questions the jury had a right to consider the appearances of the witnesses while on the stand, their manner of testifying, their apparent candor and fairness, their intelligence or the lack of it, and all the other surrounding circumstances appearing on the trial. A verdict is not directed by this instruction, and instructions in substantially the same words have been time and again approved by the courts of this State. Chenoweth v. Burr, 242 Ill. 312, and cases there cited, and in North Chicago St. Ry. Co. v. Wellner, 206 Ill. 272, the identical instruction here complained of was approved.

Counsel for appellant with much earnestness has urged that the verdict is not supported by the evidence,

and has pointed out numerous instances where a sharp conflict exists between the witnesses who have testified for the respective parties. A thorough examination of this evidence convinces us that it cannot be reconciled. One side is right and the other is wrong on the facts. The right of appellee to recover depends on whose witnesses are to be believed. The jury who heard these witnesses testify and had the opportunity of observing their demeanor on the stand and of judging of their candor and fairness, and whose duty it was to judge of the credit each was entitled to, and in the end to weigh it all, found the issues for appellee, and we have no right to set their finding aside unless we can say it was manifestly wrong. This we are not prepared to do.

Finding no reason why this judgment should be reversed, the same is affirmed.

*Affirmed.*