## Matthew Zimmer, Appellee, v. Gustave Emil Carlson, Appellant.

### Gen. No. 19,842.

1. MASTER AND SERVANT, § 412*—*when master not liable to servant injured while obeying order.* The master is not liable for personal injuries to a servant acting under his order, while doing some act or performing some service which was included within the usual scope of his duties under his contract of hiring, and where the danger incident to a compliance with such order of the master was fully known and appreciated by him.

2. MASTER AND SERVANT, § 412*—*when order relieves servant from assumption of risk.* The doctrine that assurances or orders of the master will not operate to relieve a servant from assumption of risk unless he was misled thereby has no application where the work was not being performed in the usual and customary manner and the servant on calling the master's attention thereto was ordered to proceed.

3. MASTER AND SERVANT, § 414*—*when servant justified in obeying master's order.* In an action for personal injuries where the servant called the attention of the master to the position of a stone which he was hauling and requested him to have it moved back and the master ignored the request, assured the servant that the stone was all right and ordered him to get on the wagon and mind his team and not the stone, the servant was not required to balance

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the degree of care and determine whether he should obey the order or refuse to obey it.

4. MASTER AND SERVANT, § 411*—*orders involving obvious dangers.* Where a servant was injured while performing work under the supervision and control of the master, which on the master's order was not done in the usual and accustomed manner the doctrine of assumed risk is inapplicable, unless the danger which the servant is directed to encounter is so apparent that an ordinarily prudent person would not have encountered it, in which event the master escapes liability on the ground of contributory negligence on the part of the servant, rather than that of assumed risk.

5. INSTRUCTIONS, § 151*—*when properly refused as covered.* It is not improper to refuse correct instructions of the law applicable to the case when the instructions requested are covered by other instructions to the jury.

Appeal from the Circuit Court of Cook county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed April 28, 1915.

J. F. DAMMANN, JR., for appellant; FRANKLIN B. HUSSEY, of counsel.

CHARLES C. SPENCER, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

In this suit brought by appellee against appellant to recover damages for personal injuries, a trial by jury in the Circuit Court resulted in a verdict and judgment against appellant for $5,000.

While there is a conflict in the evidence relating to the material facts in the case, the jury were not unwarranted in finding the facts to be substantially as follows: On February 22, 1911, and for some time prior thereto, appellant operated a stone yard wherein appellee was employed in loading and hauling stone. Appellee and his fellow-servant, Olson, commenced work at the usual hour in the morning, and under the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

direction of appellant were engaged in unloading stones from a flat car and loading them upon a wagon, whereon they were hauled by a team to such points in the yard as appellant might direct. Appellee rode upon the wagon and drove the team. ˙ The wagon was about fifteen feet in length, and the bed of the wagon consisted of two timbers each ten inches square, placed about a foot and a half or two feet apart. The surface of the timbers was about on a level with the platform of the flat car. The stones then being unloaded were about three or three and one-half feet square and six inches thick and were unloaded from the car and loaded upon the wagon by means of crowbars and rollers. Ordinarily a wagon load consisted of four stones, two stones one on top of the other being placed on the timbers between the front wheels of the wagon and two stones being placed in like manner between the rear wheels. Appellee had hauled five or six loads prior to the time he was injured. The load in question was placed on the wagon under the direction and with the assistance of appellant at about ten o'clock in the forenoon. When the wagon was loaded with four stones appellee observed that the top stone of the two in the front part of the wagon extended about five inches beyond the edge of the bottom stone. The stones were smooth surfaced and usually ashes or cinders were placed beneath and between the stones when loaded on the wagon to prevent them from sliding off. On this occasion no ashes or cinders were available for such use and none were used. Upon observing the condition of the front top stone, as mentioned, appellee told appellant that he should move the top stone back again, whereupon appellant said, "You go ahead on your wagon, mind your team and not the stone; the stone is all right." Appellee testified that at that time the stone did not look very dangerous to him, but that he thought it might happen to slip off, and so called appellant's attention to it. While the

Zimmer v. Carlson, 192 Ill. App. 466.

ground upon which the hauling was done was practically level, it had frozen after a thaw and was somewhat rough. Appellee placed a blanket on the front top stone, and sitting upon the blanket proceeded to drive the team, following appellant, who walked ahead of the wagon for the purpose of designating the point where he desired the stones to be unloaded and placed. When appellee had driven a distance of about fifty feet, the front top stone slipped off the wagon, carrying the botton stone with it, and appellee was thrown to the ground and beneath one of the falling stones, and severely injured. While appellee was hauling the last preceding load, he felt the stone upon which he was sitting slip, and jumped to the back part of the wagon to avoid being thrown off.

As bearing upon the issue of due care by appellee for his own safety, there was some evidence introduced by appellant tending to show that at the time the stones fell off the wagon the wheels on one side of the wagon were permitted by appellee to run over a pile of crushed stone in the yard, whereby the wagon was tipped up on that side, and the stones were caused to fall to the ground by reason of such tipping of the wagon. As to this question, the evidence is so closely conflicting that the verdict of the jury must be held to be conclusive against appellant.

It is clear that in the absence of the order or direction given by appellant to appellee, the latter must be held to have assumed the risk of the danger arising from the manner in which the stones were loaded upon the wagon; and the right of appellee to recover is dependent upon the solution of the question whether or not, under the facts in this case, such order or direction was operative to relieve appellee from the assumption of the risk.

Appellant does not controvert the general proposition that a specific, peremptory order or direction by a master to a servant to encounter a danger operates

to relieve the servant from the assumption of the risk, but it is insisted that the facts in the case at bar bring it within certain exceptions to the general rule, viz: . (a) The order or direction by the master must actually mislead the servant into the belief that the danger does not exist; (b) where the order or direction by the master relates to an act to be done by the servant in the general line of his employment, the rule does not apply.

A merely superficial consideration of the language employed in some of the cases cited by appellant might be held to promulgate the doctrine as applicable in all such cases that the servant may not avoid his assumption of the risk of a danger encountered in obedience to an order or direction of the master, where the servant has not been thereby misled to believe that no danger exists. Thus in *Elgin, J. & E. Ry. Co. v. Myers,* 226 Ill. 358, it is said at page 366:

"It is only where the servant has been misled by the assurance of the master, or someone standing in the master's place, that he can excuse himself from the assumption of the risk on the ground that he has been assured by the master that there is no danger in the use of the appliance or piece of machinery which he knows, as a matter of fact, is defective and the use thereof attended with danger."

In *Republic Iron & Steel Co. v. Lee,* 227 Ill. 246, it is said:

"It is only where the servant has been misled by the order of the master that the exception exists."

The doctrine, as thus stated, finds its application in cases wherein the master ordered the servant to do some act or perform some service which was included within the usual and general scope of his duties under his contract of hiring, and where the danger incident to a compliance with such order of the master was fully known and appreciated by the servant. *McMahon v. Owsley,* 260 Ill. 43.

In the case at bar, the stones were loaded upon the

wagon by the direction and under the superintendence of the master, not, as the evidence tends to show, in the usual and customary manner, but in such manner that the top front stone was, under the existing road conditions, liable to slip or slide off the wagon and injure the servant, who, in the usual course of his duty, was required to ride upon the wagon and drive the team.

That appellee was aware of some danger incident to the manner in which the top front stone was loaded upon the wagon is apparent from the fact that he called the attention of appellant to the situation and requested him to have the stone moved back. When appellant ignored this request of appellee and, coupled with an assurance that the stone was all right, peremptorily ordered appellee to get on the wagon and mind the team and not the stone, appellee was not required to balance the degree of danger and determine whether he should obey the order or refuse to obey it. Under the facts in this case, the risk incurred by appellee was not one of the usual and ordinary incidents of his employment and appellant cannot escape liability upon the ground that appellee assumed the risk. The rule applicable here is that where the servant encounters a danger by direction of the master and is injured in so doing, "the master cannot escape liability unless the danger which the servant is directed to encounter is so apparent that an ordinarily prudent person would not have encountered it, in which event the master escapes liability on the ground of contributory negligence on the part of the servant, rather than that of assumed risk." *Springfield Boiler & Mfg. Co. v. Parks*, 222 Ill. 355. Whether or not, under the rule as stated, appellee was guilty of contributory negligence was a question of fact for the jury. The doctrine announced in the *Parks* case, *supra*, is neither unique nor sporadic and has been announced and applied in numerous cases. See *Chicago Anderson Pressed Brick*

*Co. v. Sobkowiak,* 148 Ill. 573; *Illinois Steel Co. v. Schymanowski,* 162 Ill. 447; *Offutt v. World's Columbian Exposition,* 175 Ill. 472; *William Graver Tank Works v. O'Donnell,* 191 Ill. 236; *Illinois Steel Co. v. McFadden,* 196 Ill. 344; *Western Stone Co. v. Muscial,* 196 Ill. 382; *Slack v. Harris,* 200 Ill. 96; *Illinois Steel Co. v. Ryska,* 200 Ill. 280; *Pressed Steel Car Co. v. Herath,* 207 Ill. 576; *Chenoweth v. Burr,* 242 Ill. 312; and *Crannon v. Donk Bros. Coal & Coke Co.,* 259 Ill. 350; *Wheeler v. Chicago & W. I. R. Co.,* 267 Ill. 306.

The cases cited and relied upon by appellant are distinguishable upon the facts from the case at bar.

As applied to the facts in the instant case, the first instruction, given at the instance of appellee, stated the law correctly. The same instruction, in substance, was approved in *Yarber v. Chicago & A. Ry. Co.,* 235 Ill. 589.

Such of the instructions tendered by appellant and refused by the court as stated correct principles of law applicable to the case were covered by other instructions given to the jury.

We perceive no substantial error in the record and the judgment is affirmed.

*Judgment affirmed.*