VAN GINKLE ET AL. *v.* MOOY, EXECUTOR, ET AL.

[No. 15,548. Filed November 3, 1937.]

*T. B. Cunningham,* and *Donald L. Smith,* for appellants.

*R. R. Cummings, Benjamin F. Carr,* and *C. V. Love,* for appellees.

LAYMON, P. J.—One Nicholas Mooy was the owner of 80 acres of land in Newton County, Indiana, and on October 16, 1933, conveyed the real estate by deed to appellant Heintje Van Ginkle, a niece, with whom he was living at the time. On October 20, 1933, at the age of 84 years, said Mooy died testate, leaving all of his property to his several heirs. The will was probated, and James Mooy was appointed executor and qualified as such. The executor and all other heirs, except Heintje Van Ginkle, filed their complaint in one paragraph to set aside the deed conveying the property from Nicholas Mooy to Heintje Van Ginkle and alleged undue influence upon the part of the appellant Heintje Van Ginkle in the execution of said deed. Appellant Marinus Van Ginkle, husband of Heintje Van Ginkle, was made a party to the proceeding to answer as to any interest he might claim in the real estate. The appellants filed their answer in general denial. A trial by the court resulted in a finding and judgment in favor of appellees and that the deed of conveyance made on October 16, 1933, by Nicholas Mooy to Heintje Van Ginkle was null and void and that it be set aside. Appellants in due time filed their motion for a new trial, which was overruled, and this appeal followed. The only error assigned is the overruling of the motion for a new trial. The grounds in the motion for a new trial are substantially: (1) That the decision is not sustained by sufficient evidence; (2) that the decision is contrary to law; (3) that the court erred in the admission of certain evidence; (4) that the court erred in refusing to strike out certain testimony.

Appellees insist that appellants have not complied with the rules of this court requiring them to set out in their brief a condensed recital of the evidence in narrative form; that they therefore have waived any question as to the sufficiency of the evidence to sustain the decision of the trial court. In their answer brief appellees specifically point out considerable evidence which they assert is omitted in appellants' brief. Appellants' briefs are subject to the objection urged. We will consider the sufficiency of the evidence, however, in view of what has been set out as evidence in narrative form in both appellants' and appellees' briefs.

The principal complaint of appellants as to the sufficiency of the evidence is that it is lacking in disclosing actual force or fraud; that the relation of the parties, as disclosed by the evidence, was of such character that the exercise of improper influence cannot be presumed as a matter of law.

We have carefully read all of the evidence, of which there is an abundance upon the subject of undue influence, and no good purpose would be served in setting out a resume thereof. We believe that it is unnecessary to decide whether a presumption of undue influence as a matter of law arose because of the relation of the parties, for there is ample evidence to sustain the finding of the trial court without indulging in such presumption. It is apparent from the very nature of the subject involved that evidence to show undue influence must be largely in effect circumstantial. It is an intangible thing which only in the rarest instances is susceptible of what may be termed direct and positive proof. Influence obtained by flattery, importunity, superiority of will, mind, or character, or by whatever art human thought, ingenuity, or cunning may employ which would give dominion over the will of the

testator to such an extent as to destroy free agency, or constrain him to do against his will what he is unable to refuse, is such an influence as the law condemns as undue, when exercised by anyone immediately over the testamentary act, whether by direction or indirection, or obtained at one time or another. It is not necessary in every case to prove actual force or fraud. In the case of *Folsom* v. *Buttolph* (1924), 82 Ind. App. 283, 143 N. E. 258, this court, after reviewing a number of cases, and dealing quite at length with the subject of undue influence, said (p. 295) :

> "Undue influence has been variously defined, and while it has been said that fraud and undue influence are not synonymous terms, it has also been said that undue influence is, in one sense, a species of fraud, and while there are sometimes, perhaps usually, present elements of fraud, undue influence may exist without any positive fraud being shown. *In re Shell's Estate* (1900), 28 Colo. 167, 63 Pac. 413, 53 L. R. A. 387, 89 Am. St. 181. Undue influence may be defined to be the exercise of sufficient control over the person, the validity of whose act is brought in question, to destroy his free agency and constrain him to do what he would not have done if such control had not been exercised. 8 Words and Phrases, 7166 and authorities cited.
>
> "It is not possible to lay down a rule that will distinguish between acts which are within the bounds of legitimate influence and acts which make the influence undue. What would amount to undue influence in one case might not amount to such influence in another case. As was said in *Elkinton* v. *Brick* (1888), 44 N. J. Eq. 154, 15 Atl. 391, 1 L. R. A. 161. 'Similar acts may be trifling and of no importance in the case of one person, and overmastering in the case of another. Their effect must depend upon the relations between the parties, and the character, strength, and condition of each (*Rusling* v. *Rusling*, 9 Stew. Eq. 603; *Dale* v. *Dale*. 11 Stew. Eq. 274; *Waddington* v. *Busby*, 16 Stew. Eq. 154), and must be determined by the application of sound sense to the facts of each given case.' "

Appellants next complain of error in admitting in evidence the testimony of James Mooy, Maggie Briney, and Robert Hackley, because of their incompetency to testify, but have not set out in their motion for a new trial any of the questions asked the witnesses, their objections, if any, thereto, the answer of any of said witnesses to any question propounded or the substance thereof, the ruling of the court thereon, their exceptions thereto, their motion to strike out any of such evidence, the ruling of the court thereon, or their exceptions, if any, thereto. Therefore, the error of the court, if any, is not before us.

Appellants further complain of error of the court in the refusal to strike out the testimony of the above named parties because of their incompetency to testify, but in their motion for a new trial they fail to set out the motion to strike, or the substance thereof, the evidence sought to be stricken, or the substance thereof, and because of such failure have not properly presented such error, if any.

It has been held many times that the principal reason for the rule is to give the trial court a further opportunity to consider and correct any error it has made while the case is still under its control. Furthermore, because of such failure on the part of appellants, we are unable to determine the existence of any harmful error on any of such grounds.

We conclude that there was no error in the ruling on the motion for a new trial. Judgment affirmed.