Jones v. The State, ex rel. Dellinger.

---

No. 8473.

JONES v. THE STATE, EX REL. DELLINGER.

SUPREME COURT.—*Practice.*—*Instructions.*—*Harmless Error.*—Instructions to the jury which assume the truth of facts necessary to make out the case, when there is really no dispute about such facts, and no conflict in the evidence concerning them, is a harmless error, and not available in the Supreme Court.

BASTARDY.—*Instruction to Jury.*—*Harmless Error.*—An instruction to the jury in bastardy, that " there is but one question for you to determine in this case, and that is, is the defendant the father of the bastard child ? " is erroneous ; but in a case where that is the only fact really in contro-

versy, and all other necessary facts are established by sufficient evidence, without conflict, the error is harmless, and not available.

NEW TRIAL.—*Newly Discovered Evidence.*—Newly discovered evidence, not cumulative, which, in connection with the evidence given on the trial, would probably change the result, entitles a party to a new trial.

From the Tipton Circuit Court.

*J. Jones* and *D. Waugh*, for appellant.

FRANKLIN, C.—This was a prosecution for bastardy, commenced by one Elizabeth Dellinger against the appellant. The proceeding was commenced prior to the birth of the child. After the preliminary examination before the justice of the peace the relatrix died, and the child (Hada Dellinger) was substituted as relatrix, and in whose name the subsequent proceedings were had, Ruth Dellinger being appointed guardian *ad litem* for the infant. The appellant was not arrested nor present before the justice of the peace. He voluntarily appeared and pleaded not guilty before the circuit court.

A trial by jury resulted in a verdict that the defendant was the father of the child. A motion by the defendant for a new trial being overruled and an exception reserved, the court rendered judgment upon the verdict.

The first, second and third errors assigned, in relation to the admission upon the trial of improper testimony and instructions to the jury, might be good reasons in a motion for a new trial, but are not proper in the assignment of errors.

The fifth error assigned is the overruling of the motion for a new trial, and the eleventh reason is based upon the instructions of the court to the jury. The last clause in the first is complained of, and reads as follows: "Some time after bringing the suit, the mother died, leaving the child alive, and said child is still living."

Also the second, which reads: "By our statute the death of the mother shall not abate the suit, if the child be still living; and, upon the suggestion of the death of the mother, the name of the child shall be substituted as the relator in the case, and the suit shall be prosecuted for the benefit of the

child. This has been done in this case, and Hada E. Dellinger, the infant child, is now the relator."

Also the third, which reads: " Before this court has jurisdiction of such cases, there must be a complaint filed before a justice of the peace, an examination of the mother under oath, which examination must be reduced to writing, and these proceedings certified to this court. These steps have been taken before the death of the mother, Elizabeth Dellinger."

Also the fifth, which reads: "There is but one question for you to determine in this case, and that is, 'Is the defendant the father of the bastard child?'"

The objection to these instructions is, that they assume facts to exist which were required to be proved; and that it was for the jury, under the defendant's denial, to determine whether they were proved, and not for the court to usurp the province of the jury and determine such facts for them. In order to make out the case, the plaintiff had to prove that she had been delivered of a bastard child, that she was dead, and that the child was living. These formal facts were as necessary to be proved as the paternity of the child. And an instruction to the jury that there was but one question for it to determine, and that was, " Is the defendant the father of the bastard child?" was fixing too narrow limits to the duties of the jury. But if error it was a harmless one, there being no controversy about the formal facts, and no conflict in the testimony in relation to them.

The tenth reason for a new trial was based upon newly discovered evidence.

The relatrix, in her examination before the justice of the peace, stated that the child was begotten the last of December, 1878. The evidence shows that the child was born the 26th of August, 1879. The defendant testified that he had never had any sexual intercourse with Elizabeth Dellinger until the latter part of February, 1879. The proof tended strongly to show that the child at the time of its birth was a well devel-

oped and matured child, and had every appearance of having gone the full period of gestation. The trial was had November 26th, 1879. The defendant, in his affidavit in relation to the newly discovered evidence, states that since the trial, on the 3d day of December, 1879, he discovered that he could prove by two witnesses living in Kokomo, Howard county, Ind., giving their names, that the relatrix had spent two weeks of the last of November, 1878, at a hotel in said city of Kokomo, and while there a strange young man, boarding at the same hotel, went into her bed-room and remained with said relatrix the greater portion of one night, and that she had to be discharged from the hotel on account of her lewd conduct with the male guests. The affidavits of the two witnesses, stating these facts, are filed with his in support thereof. This testimony not being merely cumulative, taken .in connection with other facts proved, would tend strongly to show that some other person than the defendant was probably the father of the child, and to demonstrate the uncertainty of the practice of swearing to the time of the conception and paternity of a child before its birth.

We think the foregoing reason shows sufficient cause for the granting of a new trial, without noticing the other nine reasons stated in the motion for a new trial; they may not again occur in a subsequent trial of the cause, and we do not think it profitable to extend this opinion by discussing them.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and the same is, in all things reversed, at appellee's costs, and that the cause be remanded with instructions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.