## STATE OF INDIANA v. BRUBECK.

[No. 25,511. Filed February 19, 1930. Rehearing denied December 31, 1930. Petition to reconsider denied July 29, 1932.]

*Arthur L. Gilliom,* Attorney-General, *Connor D. Ross,* Assistant Attorney-General, *Howard L. Hancock, Benjamin F. Stevenson* and *Dix & Dix,* for appellant.

*Wallace & Randel, McFadden & McFadden* and *Edward H. Knight,* for appellee.

GEMMILL, J.—This is an appeal in a condemnation proceeding brought by the State of Indiana under the

provisions of the State Highway Act (Acts 1919, Ch. 53; §8268 et seq. Burns 1926) and the general Eminent Domain Act (Acts 1905, Ch. 48; §7680 et seq. Burns 1926) to condemn approximately three and nine-tenths acres of appellee's land in Parke County for the construction and improvement of State Road No. 41, which extends through the west part of the State from Terre Haute to Chicago.

After the filing of the condemnation proceedings in the Parke Circuit Court, appraisers were appointed who filed their report awarding appellee $7,000 as damages. Each party appealed from this award. However, before the trial of the cause, appellee accepted from the clerk of the court the amount of the award. The cause was tried in the Superior Court of Vigo County by a jury, which rendered a verdict for the appellee in the sum of $7,500, interest and costs. The court rendered judgment for the sum so found by the jury, but the judgment was modified on account of the payment of said award and interest; and judgment was then rendered for $570.35.

On appeal, it is assigned as error that the court erred in overruling the appellant's motion for a new trial. The third and fourth errors assigned relate to matters which occurred during the trial, and they are not proper as separate assignments of error. But they are also stated in the motion for a new trial.

It is conceded by the parties herein that the most important question presented upon this appeal is whether in such a proceeding, any possible benefits to appellee's land can be considered in fixing his damages, if any. The question as to benefits was presented and saved by the appellant, in rulings on instructions and in the admission and rejection of evidence.

In the State Highway Law, the following is provided: —"The state highway commission is hereby endowed with the right of eminent domain, insofar as the same may be necessary or proper for the carrying out of the provisions of this act. If the state highway commission shall be unable to agree with the owner of the land or right, or with the guardian of such owner, touching the damages sustained by such owner, or touching the purchase-price of the land or right, the state highway commission may proceed in the name of the State of Indiana, in the exercise of the right of eminent domain with which it is, under this act, endowed to condemn the land or right necessary or proper for the carrying out of the provisions of this act under the laws of the state." §8292 Burns 1926.

Part of the Eminent Domain Law is as follows:—"In case the land is sought to be taken by a municipal corporation for a public use that confers benefits on any lands, the report shall also state the benefits, . . . In estimating the damages specified in the foregoing first, second, third and fourth clauses, no deduction shall be made for any benefits that may result from such improvement." §7685 Burns 1926.

Where land is taken by any condemnor except a municipal corporation, under the statute quoted, no deduction for benefits that may result from the improvement can be made in assessing damages. *Cleveland, C., C. and St. L. Rway. Co.* v. *Smith* (1923), 192 Ind. 674, 138 N. E. 347.

It is the contention of the appellee that the State of Indiana is not a municipal corporation and hence is not included within the meaning of the clause providing for the consideration of benefits in the Eminent Domain Act. It is well settled that the state is not a municipal corporation. Cooley, Municipal Corporations, §§6 and 7; 43 C. J. 72, §10; 19 R. C. L.

691, §3; McQuillen, 1 Municipal Corporations (2nd ed.), §133; Dillon, Municipal Corporations (5th ed.), §43; *Tice* v. *Atlantic Const. Co.* (1900), 52 App. Div. 284, 65 N. Y. S. 79; *Osterhoudt* v. *Keith* (1909), 133 App. Div. 83, 117 N. Y. S. 809; *Herkimer Lumber Co.* v. *State* (1921), 196 App. Div. 708, 189 N. Y. S. 119; *Armstrong* v. *State Bank of Mayville* (1917), 177 App. Div. 265, 165 N. Y. S. 5; affirmed 227 N. Y. 563, 124 N. E. 896; *Hays* v. *McDaniel* (1917), 130 Ark. 52, 196 S. W. 934. In Cooley, Municipal Corporations, §§6 and 7, it is said: "The municipal corporation is a perfect public corporation, established under and by virtue of a sovereign act of legislation, uniting the people and land within a prescribed boundary into a body corporate and politic for the purposes of local and self-government, and invested with the powers necessary therefor. States and territories are not municipal corporations." In 43 C. J. 72, §10, municipal corporations are distinguished from the State, as follows: "While a municipal corporation represents no sovereignty distinct from the state itself, it possesses a corporate capacity and an identity distinct from the state. Even though it is considered that the word 'municipality' has sometimes been used by courts and text writers as of sufficient breadth to include a sovereign state, when the language is chosen with proper discrimination, the term does not embrace the state. The state is not a municipal corporation." It is held herein that the state is not a municipal corporation under the Eminent Domain Act, and consideration of benefits should be excluded in determining damages.

In *Wright* v. *House* (1919), 188 Ind. 247, 255, 121 N. E. 433, construing the State Highway Law of 1917, which is similar to the Act of 1919, by authority of which this proceeding was instituted, this court said: "In framing the statute under consideration the legis-

lature provided that the entire cost of the contemplated construction and improvement of highways should be paid from funds raised by the exercise of the general taxing power, and no provision is made for the payment of any part of such cost by special assessment against property on the theory that it will receive benefits to the extent of the assessment imposed."

Under the State Highway Act of 1919, funds to construct highways are raised mainly by taxation, supplemented by inheritance taxes and automobile license fees, and by federal funds apportioned to the State. No assessment of benefits is provided for in this law. Appellee landowner was entitled to the same benefits, without direct payment for same, received by other landowners along the entire highway and who suffered no damages from its construction.

On the trial, several witnesses for the appellee were permitted without objection to testify as to the fair market value of the tract of land consisting of 160 acres owned by appellee, on April 19, 1924, without the new road crossing it; and also as to its fair market value with the road across it. The appellant, by several witnesses, introduced the same kind of evidence. The fair market value of the land with the improved road constructed through it, would include all the benefits that had accrued to it. In fact, one witness for the State, Ike N. Ott, who testified as to the value of the land both before and after the construction of the highway, said he took into consideration that the road established through the land increased its value. Such method of proof was not proper and the evidence was not competent. The court correctly instructed the jury as to the consideration of benefits; and it must be presumed that the instructions were followed.

As only damages and not benefits were to be considered in this proceeding, the appellant was not injured

by the court excluding from consideration land of appellee adjacent to the 160 acre tract.

The court did not err in refusing to give instructions tendered and requested by the appellant that benefits should be determined and deducted from damages; and did not err in giving the appellee's tendered instructions that benefits should not be considered. It was not error to overrule the motion for a new trial.

Finding no reversible error, the judgment is affirmed. The death of the appellee since the submission of the cause having been suggested, it is ordered that the judgment be affirmed as of the date of submission.