KIMMICK, ET AL. *v.* LINN, ET AL.

[No. 27,436.   Filed October 9, 1940.]

486

*Todd & McCormack,* of Indianapolis, for appellants.
*William J. Fahey,* of Indianapolis, for appellees.

SHAKE, J.—The appellants were plaintiffs below and brought an action in three paragraphs against the appellees to quiet title to certain real estate. The appellees answered in general denial. There was a court trial, resulting in a judgment in favor of the appellees. This appeal is predicated upon the denial of appellants' motion for a new trial, in which it is assigned: (1) That the decision is not sustained by sufficient evidence; (2) that the decision is contrary to law; and (3) that "the court erred in permitting the defendant, Rose Linn, to testify as to matters occurring prior to the death of Arthur F. Linn concerning the execution of a deed by said defendant to said decedent during his lifetime, and wherein the said defendant testified over objection, to the effect that she had never, during the lifetime of Arthur F. Linn, executed a deed for the property involved in this action." Under the most favorable view, the judgment of the trial court rests upon conflicting evidence and must be affirmed, unless the third assignment in the motion for a new trial presents reversible error. The first question for consideration, therefore, is whether said third assignment is sufficient to present any question with respect to the admission of testimony therein referred to. This court and the Appellate Court of Indiana have many times had occasion to consider the sufficiency of a motion for a new trial when error

in the admission of evidence is relied upon. In *Van Ginkle* v. *Mooy, Exr.* (1937), 104 Ind. App. 282, 286, 10 N. E. (2d) 759, the court said:

> "Appellants next complain of error in admitting in evidence the testimony of James Mooy, Maggie Briney, and Robert Hackley, because of their incompetency to testify, but have not set out in their motion for a new trial any of the questions asked the witnesses, their objections, if any, thereto, the answer of any of said witnesses to any question propounded or the substance thereof, the ruling of the court thereon, their exceptions thereto, their motion to strike out any of such evidence, the ruling of the court thereon, or their exceptions, if any, thereto. Therefore, the error of the court, if any, is not before us."

More recently, this court held that:

> "When error is predicated upon the admission or rejection of testimony, the motion for a new trial should set out the question and answer, if there was one, or the substance thereof. . . . The objection urged below should also be set forth, together with the ruling of the court with respect thereto . . . This is necessary for two good reasons: (1) that the trial court may be fully apprised of the alleged error so that it may have an opportunity to correct the ruling by granting the motion if it deems it proper to do so; and (2) that this court may be able to consider the matter on appeal without being burdened to search the record for grounds to reverse." *Brown* v. *State* (1939), 216 Ind. 106, 23 N. E. (2d) 267, 268.

It is impossible to determine from the third assigned error in the appellants' motion for a new trial whether the question which elicited the testimony complained of was propounded on behalf of the plaintiffs or defendants or by the court; what the question was; or, indeed, whether such testimony was in response to any question. It is likewise undis-

closed who objected to the testimony or what the objection was.

It may be assumed that the appellants rely ▮ upon Acts of 1881 (Spec. Sess.), chapter 38, § 277, which provides that:

"In all suits by or against heirs or devisees, founded on a contract with, or demand against, the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor." (§ 2-1716, Burns' 1933, § 305, Baldwin's 1934.)

Section 280 of the above act provides, however, that:

" . . . any party to such suit shall have the right to call and examine any party adverse to him as a witness, or the court may, in its discretion, require any party to a suit or other person to testify, and any abuse of such discretion shall be reviewable on appeal." (§ 2-1718, Burns' 1933, § 308, Baldwin's 1934.)

From all that appears in the motion for a new trial, the witness may have been called to testify by the appellants or by the court on its own motion. The practice requires an appellant to affirmatively present a case of error, and we are not authorized to search the record for grounds to reverse. The motion for a new trial presents no question as to the admissibility of the evidence or the competency of the witness, and since the testimony complained of must be regarded as properly in the record, we cannot say that the decision of the trial court is not sustained by the evidence, or that it is contrary to law.

Appellants' third paragraph of complaint was upon the theory of a trust. It was alleged that Arthur F.

Linn, who was the father of the appellants, purchased the real estate in controversy, and had title thereto taken in the name of his mother, Rose Linn, "under the express understanding and agreement that said grantee and defendant herein, Rose Linn, should have and hold said real estate during her natural life, and that she would reconvey to said decedent the real estate above described, subject to her life estate therein." There is a total lack of proof of any agreement between Arthur F. Linn and Rose Linn. The decision was clearly right upon that paragraph of the complaint, and if it had been otherwise we would be obliged to hold that the decision was not sustained by sufficient evidence.

The judgment is affirmed.

NOTE: Reported in 29 N. E. (2d) 207.