WAHL COMPANY ET AL. *v.* COMPTON.

[No. 16,476. Filed October 21, 1941. Appellant's Waiver of Right to File Petition for Rehearing granted November 7, 1941.]

632

*James L. Murray* and *James J. Stewart*, both of Indianapolis (*Otis E. Gulley*, of Danville, of counsel), for appellants.

*Stephen A. Clinehens*, of Indianapolis (*Hume & Gaston*, of Danville, of counsel), for appellee.

CURTIS, J.—This is an appeal from a judgment of the Hendricks Circuit Court in a cause of action for damages for the death of the appellee's husband, alleged to have been caused by the negligence of the appellants. The death resulted from an automobile accident which occurred on U. S. Highway 40, a three-lane concrete pavement, at a point about two miles west of the town of Philadelphia, in Hancock County, Indiana.

The cause was tried before a jury, resulting in a verdict in the amount of $2,125.00. The judgment was in accordance with the verdict. A motion for a new trial was seasonably filed and overruled. This appeal was then prayed and perfected, the error assigned being the ruling on said motion.

The issues were formed by the complaint and the appellants' answer in general denial.

The first five causes, or grounds of the motion for a new trial, may be summarized as follows:

The verdict of the jury is not sustained by sufficient evidence and is contrary to law; the court erred in refusing to give to the jury each of instructions numbered 3, 4, 11, and 14 tendered by the appellants; the court erred in giving each of its own instructions numbered 5 and 6; alleged error in overruling appellants' motion for a peremptory instruction in favor of the appellants at the close of all of the evidence. We now quote the sixth and last cause or ground of the motion, to-wit:

"6. The defendants further say that since the verdict was returned in said cause the defendants have discovered new, competent and material evidence which the defendants could not have with reasonable diligence discovered and produced at the trial, the nature and substance of which evidence appears in the affidavit of LeRoy McCoy."

This case is the result of an automobile accident. It happened around 7:15 to 7:30 p. m., at which time it was dark, at a place in the country about seven miles west of Greenfield, Indiana, on Road 40, which is the old National Road. At this point there is a three-lane road, which runs east and west, and the whole roadway is 30 to 34 feet wide. The lanes are approximately the same width. The north lane is for westbound traffic; the center lane is used as a passing lane, and the south lane is for eastbound traffic.

There were two cars involved in the accident. The car going west was operated by the appellant, Bruce C. Savage. This automobile was a Ford and is referred to throughout the evidence as "the Ford car." The automobile going east was a Dodge automobile, and it is referred to as "the Dodge car." It was operated by Claude Compton, the deceased. He was accompanied by his nephew, Raymond Baird. Claude Compton was killed in the accident; and his widow, Stella Compton, as administratrix, now appellee, filed this action for damages for his alleged wrongful death.

The appellant, Bruce C. Savage, was employed as an agent and servant of The Wahl Company, a corporation, and was engaged for his employer at the time of the accident. A stipulation of the parties was made, at the time of the trial, that he was acting for his employer and was engaged in its service at the time of the accident and that no question of employment or agency is involved herein.

The appellant, Bruce C. Savage, testified at the trial of this case in the court below and claimed that he did not know anything about the accident and could not give any information as to how it happened and had no recollection of being at the place of the accident and the last thing that he remembered before the accident

was when he entered his car at Richmond, Indiana, about 6:00 p. m., of that day. He did, however, remember being in a doctor's office in Greenfield, Indiana, about 20 or 25 minutes after the accident.

The said Raymond Baird, the nephew of the deceased, survived the accident, and gave his version of what happened before, at the time, and immediately after the accident. Also, the automobiles involved gave mute evidence throwing light on what really occurred. Their location on the highway, together with marks on the pavement, and also the broken glass and other parts and debris on the pavement, were described in the evidence so that the jury, with the aid of the other evidence, could reasonably locate the exact place where the accident occurred. There was ample evidence from which the jury could conclude that the Dodge car, in which car the decedent was killed, was in the south lane of the highway; and that the Ford car, operated west on the north lane by the defendant, Bruce C. Savage, was, after the accident, fastened to the front end of the Dodge car and was also located in the south lane and in the passing lane; that in and around and under these cars, so fastened together, were located broken glass and other broken parts from the cars.

There was evidence from which the jury could conclude that the cars had not skidded on the pavement but had remained in practically the same position that they were in when they came together.

There was a considerable conflict in the evidence as to whether or not the decedent was, at the time of the accident, under the influence of intoxicating liquor; but there was evidence before the jury that he was not and that the only drink he had that day was a bottle of beer at 2:00 o'clock in the afternoon, which was practically five hours before the

accident. There was evidence also that he was driving his car at a reasonable rate of speed and in the proper place on the highway at the time of the accident. The jury could reasonably conclude from the evidence that the proximate cause of the accident was not due to any intoxication on the decedent's part.

It is our opinion that the verdict of the jury is sustained by sufficient evidence. It will, therefore, stand, unless it was improperly affected by an error or errors of law occurring at the trial, as pointed out and claimed by the appellants.

The appellants complain that the court erred in refusing to give each of their tendered instructions numbered 3, 4, 11, and 14. We have examined each of these instructions and studied them in the light of the evidence and the instructions given by the court. They were substantially covered by the instructions given and there was, therefore, no error in refusing to give them. The instructions given were as full and complete as those tendered by the appellant. See: *Koplovitz* v. *Jensen* (1926), 197 Ind. 475, 151 N. E. 390; *Chicago etc. R. Co.* v. *Younger* (1931), 93 Ind. App. 276, 175 N. E. 290.

Complaint is next made of the giving of each of the court's own instructions numbered 5 and 6. They set out the statutes of this state pertinent to excess speed and reckless driving. We think these statutes were pertinent to the evidence under the issues in the instant case, and there was no reversible error in giving them.

The next cause or ground of the motion for a new trial presented is alleged error "in overruling defendants' motion for a peremptory instruction to the jury to return a verdict for the defendants at the close of all of the evidence." This assign-

ment presents nothing. The error, if any, was in the court's refusal to give such an instruction. See: *Rowlett* v. *Cockrill* (1927), 86 Ind. App. 92, 156 N. E. 181; *Jones* v. *State* (1929), 89 Ind. App. 564, 166 N. E. 158; *Cook and Bernheimer Co.* v. *Hagedorn* (1925), 82 Ind. App. 444, 131 N. E. 788; *West* v. *Massachusetts Bonding & Ins. Co.* (1935), 101 Ind. App. 84, 194 N. E. 187. Even had the alleged error been presented properly, the record before us shows that no peremptory instruction for the appellant should have been given.

It is last urged that the trial court erred in not sustaining the motion for a new trial upon the ground of newly discovered evidence. The rule is that the granting of a new trial upon newly discovered evidence is largely within the discretion of the trial court, and it is only where there has been a manifest abuse of such discretion that an appellate court will interfere. See: *Lowry* v. *Indianapolis Traction, etc., Co.* (1921), 77 Ind. App. 138, 126 N. E. 223; *Hauser* v. *George* (1935), 100 Ind. App. 346, 195 N. E. 592.

We have read the affidavit of LeRoy McCoy, which is the basis for the said motion. His proposed testimony would be substantially cumulative evidence, and we cannot say that had such evidence been produced, it would obviously have changed the result of the trial. Under such circumstances, we are not disposed to interfere with the ruling of the trial court.

Finding no reversible error, the judgment is affirmed.

Blessing, P. J., not participating.

NOTE.—Reported in 36 N. E. (2d) 942.