MCKINNON ET AL. *v.* PARRILL.

[No. 16,644. Filed January 27, 1942. Rehearing denied May 8, 1942.]

*Byron E. Guse,* of LaPorte, and *Charles M. Lundin,* of Knox (*Freund & Pillard,* of Valparaiso, of counsel), for appellants.

*Paul E. Reed,* of Knox, and *Parent & Kenefick,* of Michigan City, for appellee.

BLESSING, J.—Appellee, Dean Parrill, a minor, recovered a judgment against the appellants in an action brought by next friend for personal injuries received by him when his hand was caught in the rolls of a corn picker owned by the appellant Nannie F. McKinnon while said corn picker was being used in harvesting corn on a farm owned by said appellant, but on which all farm operations conducted by said appellant were under the full charge and control of her coappellant and husband, Myron McKinnon.

The amended complaint on which the cause was tried is in a single paragraph. Issues were formed by the separate motions of appellants to dismiss and by appellant Myron McKinnon's answer in general denial and six paragraphs of special answer; and by appellant Nannie F. McKinnon's answer in general denial and eight paragraphs of special answer, and by appellee's reply in general denial to appellants' special answers; and by appellants' separate motions to strike parts of appellee's reply to special answers of appellants; and by appellants' separate and several motions for judgment on appellee's pleadings.

A trial by jury resulted in a verdict in favor of appellee (plaintiff below) in the amount of $5,000, upon which judgment was rendered, and appellants filed their separate and several motion for new trial which was overruled, and they appeal.

The overruling of appellants' separate and several motions to dismiss before trial, the overruling of appellants' separate and several motions for judgment on appellee's pleadings; and the overruling of appellants' motion for new trial are separately assigned as error relied on for reversal.

The sufficiency of the amended complaint was not questioned by demurrer. In substance it alleges that Nannie F. McKinnon was the owner of a farm and that her husband, Myron (Mac) McKinnon, was her vice-principal, and as such had full charge of the farm operations conducted by her; that on November 18, 1937, Myron McKinnon employed appellee Dean Parrill, then 18 years of age, to drive a team from the field to the barn and return, in the harvesting of the corn crop of Nannie F. McKinnon; that Dean Parrill was engaged in such work up to and including December 1, 1937, on which date Myron McKinnon commanded appellee to clean out a corn picker which was owned by Nannie F. McKinnon; that the corn picker was a dangerous instrument when in motion and Myron McKinnon, who was operating the picker at the time, failed to shut off the power; and that appellee, while carrying out the command and request of said Myron McKinnon, had his right hand caught by the rolls of said corn picker and as a result thereof his hand was so badly mangled as to require amputation at the wrist; that the accident was caused by the acts of the appellants in requiring appellee to go into a dangerous place and perform a dangerous task which was wholly outside of the scope of his employment and that the proximate cause of his injuries were the acts of the appellants in requiring him to clean out the said corn picker; that appellee was in no way guilty of contributory negligence; and that the task required to be performed by appellee by the appellants was not of such a dangerous character as to place appellee in the position of knowing the dangerous character of said work requested to be performed by him.

The evidence shows that Myron McKinnon had the general supervision of the farm and its management

and operation; that he employed appellee to drive teams, and to haul from the field to the crib the corn picked with the picker; that appellee was not familiar with a corn picker; and at the time of the accident Myron McKinnon was operating the picker.

There is some dispute in the evidence as to just what Myron McKinnon meant when he directed appellee to "follow the picker," but all the witnesses testifying as to the meaning, except said appellant, testified that to "follow the picker" meant to clean out the picker. In considering the evidence most favorable to appellee, the conclusion that Myron McKinnon directed appellee to clean out the picker is reached.

Appellants' separate motions to dismiss before the trial and their separate motions to dismiss at the close of all the evidence were predicated on the fact that appellee, prior to this action, had filed an application for compensation under the Indiana Workmen's Compensation Act against Myron McKinnon which was heard before a member of the Industrial Board who found that appellee was not in the employ of said Myron McKinnon at the time of the accident and ordered that appellee take nothing by reason of his application; and the further fact that after said award was entered by the Industrial Board a copy was filed in the Superior Court of LaPorte County, and judgment was entered thereon in that court under the authority of § 40-1513, Burns' 1940 Replacement.

Appellants contend that by electing to come under the Workmen's Compensation Act appellee elected his remedy and waived the right of trial by jury. An election of remedies, however, presupposes the existence of two or more inconsistent remedies from which a choice may be made. But, if, in truth, the suitor has no such remedy as he invokes,

his action in pursuing it does not constitute an election. *Thomas* v. *Briggs* (1934), 98 Ind. App. 352, 189 N. E. 389; *Rooker* v. *Fidelity Trust Co.* (1921), 191 Ind. 141, 131 N. E. 769; *McCoy* v. *McCoy* (1903), 32 Ind. App. 38, 46, 69 N. E. 193; *Bunch* v. *Graves* (1887), 111 Ind. 351, 12 N. E. 514.

In the case last cited our Supreme Court, at page 357, said:

> "A party who imagines he has two or more remedies, or who misconceives his rights, is not to be deprived of all remedy because he first tries a wrong one."

Section 9 of chapter 172, Acts of 1929, p. 536, being § 40-1209, Burns' 1940 Replacement, provides that the provisions of the Workmen's Compensation Act ▪ shall not apply to "farm or agricultural employees." Therefore, appellee never had a remedy before the Industrial Board. Moreover, said compensation act afforded no remedy because the relationship of employer and employee between appellant, Myron McKinnon, and appellee did not exist at the time of appellee's injury.

In *Schotis* v. *North Coast Stevedoring Co.* (1931), 163 Wash. 305, 1 P. (2d) 221, 78 A. L. R. 1427, a longshoreman brought an action for damages against the stevedoring company and the vessel owner, in which he alleged that he was in the employ of both and in which he proceeded under the Merchant Marine Act and resisted removal to the Federal court. The court held that this did not constitute an election of remedies. He never actually had a remedy under the act because he was not an employee of the steamship company.

The overruling of appellants' respective motions to dismiss was not error.

The conclusion here reached also disposes of the alleged error in the refusal of appellants' instructions numbered 5, 6, 7, 8, and 9, based on election of remedies.

Appellants' motion for judgment on the pleadings is based upon the allegation in the complaint "that said accident was caused by the acts of the defendants in requiring the plaintiff, Dean Parrill, to go into a dangerous place and perform a dangerous task *which was wholly outside of his scope of employment.*" Appellants contend that this allegation is in effect an assertion that appellee was injured while doing a physical voluntary act which was wholly outside of his scope of employment and therefore was an admission by appellee against his interest.

In discussing this ruling, the appellants seek to enlarge the ground upon which the adverse ruling of the trial court was based. This is not permitted. *Simmons* v. *Simmons* (1917), 186 Ind. 575, 116 N. E. 49.

The appellants' motion fails to consider the allegations of the complaint, that the appellee was directed by the vice-principal to perform services of a dangerous character which were outside of the scope of his original employment. When the complaint is read as a whole it is not subject to the objection raised by the motion.

Under certain assignments of the motion for new trial appellants contend that the court erred in overruling the separate motions for a peremptory instruction at the close of plaintiff's case. The error, if any, in overruling such motions was waived by appellants introducing evidence.

A defendant, who, at the close of plaintiff's evidence moves for a directed verdict, must renew or offer to

renew his motion at the close of all the evidence, as the error, if any, in overruling his original motion has been waived by his introduction of evidence. *Lewis* v. *Young* (1932), 95 Ind. App. 152, 156, 180 N. E. 692; *Chicago, etc., R. Co.* v. *Schipper* (1921), 75 Ind. App. 669, 671, 131 N. E. 232.

The appellants here did renew their motions at the close of all the evidence, and the overruling of those motions are also assigned as grounds for new trial. No question, however, is presented thereby for the reason that the mere overruling of such motions works no injury to the appellants. The substantial and available error, if any, was in refusing to give such instructions. *Cook & Bernheimer Co.* v. *Hagedorn* (1925), 82 Ind. App. 444, 452, 131 N. E. 788; *Jones* v. *State* (1929), 89 Ind. App. 564, 569, 166 N. E. 158.

In view, however, of our conclusion on specifications 2 and 3 of the motion for new trial, the court did not err in refusing to direct a verdict in favor of appellants.

Specifications 2 and 3 of the motion for new trial challenge the verdict as not being sustained by sufficient evidence and as being contrary to law. These alleged errors are founded upon the allegation in the complaint that Myron McKinnon was at the time of said injury a vice-principal, and that his negligence as vice-principal was imputed to appellant Nannie F. McKinnon as principal. It is the contention of appellants that Myron McKinnon was not a vice-principal, but was a fellow servant of appellee; that the negligence charged in appellee's complaint is not the negligent order or command to follow the picker, but the negligent manner in which appellee was required to clean the picker, that is, while it was in motion. However, an examination of the complaint shows that appel-

lee "further avers and says that the proximate cause of his injuries were the acts of the defendants in requiring him to clean· out the said corn picker." Such phrase indicates that appellant is charging negligence in the order or command to follow the picker.

Appellant, Nannie F. McKinnon, testified that her husband (Myron McKinnon) had the active management of her farm; that she allowed her husband to manage everything; that he was managing the farm; that he was her business manager. Appellant, Myron McKinnon, testified that he had general supervision of the farm and its management and operation; that he was in charge of harvesting the corn; that he signed the checks by his initials; that he felt that he had the right to tell any of the men working in the field what to do; and that he had authority to dismiss them; that he hired appellee to haul corn from the field, where they were picking with the picker, to the crib. He also testified that he had been dividing his time between the field, the picker, and the house; but that at the time of the accident he was driving the tractor which supplied the power for the picker.

Appellee testified that he was employed to drive a team from the corn field to the crib, and after working about ten days at that work was directed to follow and help clean out the picker; that Mr. McKinnon never gave him any instructions or warnings; that he did not warn him that the picker was a dangerous thing; the appellee first saw a corn picker (this one) fourteen or fifteen days before that; and that he had no knowledge that it was a dangerous place to work.

Appellants rely on the case of *Chenoweth* v. *Burr* (1909), 242 Ill. 312, 317, 89 N. E. 1008, in which it is said:

". . . one may be a vice-principal in respect to certain acts and a fellow-servant as to others. A section foreman, in giving commands to his men is clearly a vice-principal, but if he joins the men in doing the common labor which they are doing he is as to such work a fellow-servant. . . ."

This case would seem to uphold appellee's position rather than appellants'. Appellee is complaining of the command of Myron McKinnon to follow the picker which was a more dangerous task than he had been employed to do. If a foreman, in giving commands to his men, is a vice-principal, then Myron McKinnon was a vice-principal.

The responsibility of the master is not determined by the difference in rank between the servant injured and the one in fault, or by the fact that the negligent servant is foreman or in control of others, but upon the nature of the act complained of, whether it is an act of service or the performance of a non-delegable duty of the master. *Cleveland, etc., R. Co.* v. *Foland* (1910), 174 Ind. 411, 91 N. E. 594, 92 N. E. 165.

In the case of *Taylor* v. *Evansville and Terre Haute Railroad Company* (1889), 121 Ind. 124, 22 N. E. 876, it was held that the act of ordering what should be done was the master's act and not that of a mere fellow servant. In that case the court, at p. 129, said:

". . . we hold that one having authority to command may still be a fellow-servant, but we hold, also, that where the position is such as to invest the employee with sole charge of a branch or department of the employer's business, the employee, as to that branch or department, may be deemed a vice-principal while engaged in giving orders or directing their execution."

In view of these decisions it can be said that when Myron McKinnon ordered appellee to follow the picker, he was a vice-principal and not a fellow servant.

Where an employee, by order of his master, is directed to do work not contemplated in his employment and not usually performed by him, the usual rule of assumption of risk does not apply when the servant is injured while performing such work. In such cases it becomes a question of fact for the jury to determine from the evidence whether in obeying such order and performing such work, he assumed the risks incident thereto, or whether, in performing such work he was guilty of any negligence proximately contributing to the injury for which he seeks recovery. *American Steel, etc., Co.* v. *Carbone* (1916), 60 Ind. App. 484, 109 N. E. 220.

The general verdict in his favor is a finding that appellee was free from contributory negligence and that he did not assume the risk. Appellee was not familiar with the picker and he had seen the other men cleaning it while it was in motion. In pushing the corn stalks through, his hand was "jerked" into the rolls.

The burden of proving contributory negligence was upon the appellants; and, unless it can be said as a matter of law that appellee was guilty of contributory negligence, the verdict will not be disturbed on that question. Such a showing is not made under the evidence in this cause.

The appellants separately tendered to the court twenty-one interrogatories with the request that they be given to the jury for it to answer in connection with its general verdict. The court refused to submit these

interrogatories and appellants excepted, and such refusal is assigned as a ground of motion for new trial.

■It is the duty of the court, upon the request of either party, to instruct the jury to find specifically upon any particular question of fact submitted to it by a proper interrogatory material to any issue in the case, in the event of the return of a general verdict. The appellants cite no authorities to support their contention as to the correctness of any interrogatory, and their failure to mention interrogatories 10, 11, 16 and 17 must be deemed an implied admission that they were improper. We have examined the other interrogatories submitted and find: That No. 1 is double (*McCowen, Probst, Menaugh Co.* v. *Short* [1919], 69 Ind. App. 466, 472, 118 N. E. 538, 119 N. E. 216) ; that No. 2 is improper in that its answer is dependent upon the answer made to an interrogatory properly refused. This interrogatory also calls for a conclusion of law; that Nos. 3, 4, and 5 relate to the proceedings before the Industrial Board, and if answered, would not affect the general verdict; that Nos. 6, 8, and 13 assume the existence of a controverted fact (*Reed* v. *Light* [1908], 170 Ind. 550, 85 N. E. 9; *Chicago, etc., R. Co.* v. *Lawrence* [1907], 169 Ind. 319, 333, 79 N. E. 363, 82 N. E. 768) ; that 7, 9, 12, 14, 15, and 18 call for conclusions and are therefore improper. *Korrady, Admrx.* v. *Lake Shore and Michigan Southern Railway Co.* (1892), 131 Ind. 261, 265, 29 N. E. 1069; *Pittsburgh, Cincinnati and St. Louis Railway Company* v. *Adams* (1886), 105 Ind. 151, 169, 5 N. E. 187; *Louisville, New Albany and Chicago Railway Company* v. *Worley* (1886), 107 Ind. 320, 322, 7 N. E. 215; *Lauter* v. *Duckworth* (1898), 19 Ind. App. 535, 545, 48 N. E. 864; *Toledo and Wabash Railway Company* v. *Goddard* (1865), 25 Ind. 185, 191; *Tucker Freight Lines, Inc.* v.

*Gross* (1941), 109 Ind. App. 454, 33 N. E. (2d) 353. Had interrogatories Nos. 20 and 21 been answered favorably to the appellants, such answers would not have controlled the general verdict. This disposes of all of the interrogatories except No. 19. This interrogatory is as follows: "Did the plaintiff voluntarily clean the corn picker at the time of his alleged injury?" It is the contention of appellants that this interrogatory is pertinent to the issue of voluntary assumption of risk and therefore proper. The meaning of the term "voluntarily" depends much upon the circumstances to which it is intended to apply. Words and Phrases, Vol. 44, p. 372. In the case of *Munger* v. *The City of Marshalltown* (1881), 56 Iowa 216, 9 N. W. 192 it was held that "voluntarily," as used in an instruction in an action for personal injuries, which was to the effect that to prevent recovery plaintiff must have gone into the danger voluntarily, assuming the risk by stepping into the danger there apparent, should be construed to mean "knowingly." Had the jury in the case at bar answered the interrogatory in question in the affirmative and interpreted the meaning of the term "voluntarily" as synonymous with the term "knowingly" the answer would not have established a fact inconsistent with the general verdict. One of the definitions of the term "voluntarily," found in Webster's dictionary, is, "acting or done without any present legal obligations." So interpreted the interrogatory in question would call for a conclusion. The term "voluntarily" may be interpreted as an act done "freely." Thus interpreted, obedience to a command to do an act without remonstrance or objection can be said to be done freely.

Whether an interrogatory to be submitted to the jury is a proper one is first for the determination of the

trial court; and if in the judgment of the trial court such interrogatory is improper, this determination will not be disturbed on review unless there is an abuse of discretion shown. *Citizens Tel. Co.* v. *Prickett* (1920), 189 Ind. 141, 125 N. E. 193. In view of what we have said, the refusal to submit interrogatory No. 19 hereinbefore set out was not error.

Appellants object to instruction No. 1 given by the court of its own motion on the ground that "appellee's complaint proceeds on the theory of principal and vice-principal or agent, whereas, and in fact the law pertaining to principal and vice-principal and to principal and agent regarding liability of the principal for acts of the agent and vice-principal, are vastly different." The objection is not well founded. Under the undisputed facts in this cause, Myron McKinnon was in complete charge of the operation of Nannie F. McKinnon's farm; and where such relationship exists, it seems the courts have treated the one in charge as vice-principal, although he may also be the agent of the principal. 35 Am. Jur., pp. 796, 797, § 370, § 371; Annotated Note, 75 Am. St., pp. 584, 595, on "Who Is a Vice-Principal."

Appellants also object to instructions numbered 5 and 6 given of the court's own motion on the ground that said instructions should have stated that for the appellee to recover he must have established that he had neither actual nor constructive notice of the danger created, citing *Piepho* v. *Gesse* (1939), 106 Ind. App. 450, 18 N. E. (2d) 468. Under either instruction, in order for plaintiff to have a verdict returned in his favor, the jury was compelled to find that appellee was required to perform duties that were not included in his regular employment; that he

was free from contributory negligence; and that he did not assume the risk. Negativing notice, either actual or constructive, with respect to the danger encountered was not a requisite to the right of appellee to recover under the circumstances disclosed by the evidence. The appellee was a minor, wholly inexperienced, engaged in the performance of duties outside of the scope of his employment, and another servant was engaged in cleaning the opposite side of the picker at the time appellee received his injuries. In the case of *Brazil Block Coal Company* v. *Hoodlet* (1891), 129 Ind. 327, 336, 27 N. E. 741, our Supreme Court said:

> "When a master orders a servant to do something which involves encountering a risk not contemplated in his employment, although the risk is equally open to the observation of both, it does not necessarily follow that the servant either assumes the increased risk, or is negligent in obeying the order. If the apparent danger is such that a man of ordinary prudence would not take the risk, the servant acts at his peril. But unless the apparent danger is such as to deter a man of ordinary prudence from encountering it, the servant will not be compelled to abandon the service, or assume all additional risk, but may obey the order, using care in proportion to the risk apparently assumed, and if he is injured, the master must respond in damages."

See also *American Steel, etc., Co.* v. *Carbone* (1916), 60 Ind. App. 484, 109 N. E. 220. The appellants however are not in a position to complain with respect to their contention on the question of notice, as appellants' instructions Nos. 11 and 12, given by the court, meet the requirements demanded by appellants.

Complaint is made of the refusal of appellants' instruction No. 1, relating to the theory of the amended

complaint. This instruction is substantially covered by the court's instruction No. 4 and by appellants' tendered instruction No. 24 which was given.

Complaint is also made of the refusal of appellants' instruction No. 13. It would have told the jury that if it found from the evidence that Myron McKinnon was working as a fellow servant at the time of the injury, its verdict should be for defendants. The refusal of this instruction was not error. Even though the proof showed that said appellant was working as a fellow servant at the time of the injury, that would not eliminate other acts of negligence charged as the proximate cause of appellee's injuries.

Appellants' instruction No. 22, which was refused, would have authorized a finding for defendants upon proof that Myron McKinnon warned plaintiff to keep his hands away from the snapper rolls of the corn picker. This instruction was sufficiently covered by instruction No. 28, given at the request of appellants.

Complaint is also made of the refusal of instruction No. 33, requested by appellants. This instruction was covered by defendants' instruction No. 30, given by the court, which was highly favorable to appellants on the question of contributory negligence. Appellants' instruction No. 33 was also covered by appellants' instruction No. 28 which was given.

Instruction No. 4 tendered by plaintiff and given by the court is complained of on the ground that it did not state the law correctly and that it did not state the rule fully as to assumption of risk. Appellants rely upon the case of *Piepho* v. *Gesse,* *supra,* which involved the assumption of risk where a servant was injured while greasing an ensilage cutter which could not be done without removing a guard on

the machine. The court there held that the common-law rule of assumption of risk applied in this State. That case did not involve a minor, inexperienced in the work he was required to do, nor work outside of the scope of the original employment and is not applicable to the facts in the case at bar. If the instruction was not complete, it was the duty of appellants to request a complete instruction.

Appellants further complain of the giving of instruction No. 24 at the request of appellee, which placed the burden upon appellants to prove that plaintiff was guilty of contributory negligence, on the ground that freedom from contributory negligence was an element of actionable negligence, the burden of which was upon appellee to allege and prove. In support of this contention appellants cite *Lake Erie and Western Railroad Company* v. *Stick* (1895), 143 Ind. 449, 41 N. E. 365. That case was decided before the Act of 1899 (Acts of 1899, ch. 41, p. 58, being § 2-1025, Burns' 1933) placing the burden of proving contributory negligence in personal injury cases upon the defendant.

Appellants object to the giving of instruction No. 7 requested by appellee on the ground that it is inapplicable to the evidence. There is evidence that a corn picker in motion is a dangerous instrument; that appellee was taken out of the ordinary course of his employment, which was not dangerous, by order of appellant Myron McKinnon who was a vice-principal, and ordered to follow the picker, that is, to clean the picker.

Appellants further claim that the court erred in giving instruction No. 12 tendered by appellee. Here again appellants' criticism is based upon the use of the term "agent" instead of "vice-principal." The instruction speaks of the delegation of duties, but

it confines the delegation of duties to those imposed upon the employer by law and in that respect the agent is a vice-principal.

Appellant further contends that the giving of instruction No. 13 tendered by appellee was error, in that the instruction invades the province of the jury and that it erroneously stated the law in regard to imputed negligence. The instruction refers to the testimony of appellant Nannie F. McKinnon, who testified that she authorized her husband, Myron McKinnon, to carry on all the farm operations for her, including the harvesting of the corn crops. The assumed facts are established by uncontradicted evidence. An instruction which assumes the truth of facts about which there is no conflict in the testimony, is harmless. *Jones* v. *State ex rel. Dellinger* (1881), 78 Ind. 217. Under the circumstances recited in the instruction, the appellant Myron McKinnon would be a vice-principal of his codefendant Nannie McKinnon, and his negligence would be imputed to her.

Upon careful review of the record in this case and the contentions presented by the appellants, we are convinced that no error exists requiring the reversal of this cause.

Judgment affirmed.

NOTE.—Reported in 38 N. E. (2d) 1008.