KUBISZ *v.* POMORSKI ET AL.

[No. 27,921. Filed November 2, 1943.]

*John F. Halier, James J. McGarvey* and *Oscar B. Thiel,* all of Gary, for appellant.

*Frank A. Spychalski* and *Willis C. McMahan,* both of Gary, for appellees.

SWAIM, C. J.—This is an appeal from a judgment for the possession of real estate and damages for its unlawful detention. The action was tried and this appeal was perfected under the Rules of the Supreme Court, 1940 Revision.

The appellant relies on three grounds assigned in her motion for a new trial. The first two grounds assigned, that the verdict of the jury was not sustained by sufficient evidence and was contrary to law because of the insufficiency of the evidence, present questions which can only be determined by a consideration of the evidence. The appellees contend that these two grounds can not be considered because the evidence is not before us.

The appellant's motion for a new trial was overruled on December 24, 1942. No time was then given for the filing of a bill of exceptions. Twenty-seven days later the trial court granted the appellant sixty days time to present and file her bill of exceptions. Within the sixty days, but beyond that term of court, the bill of exceptions was filed.

The statute, § 2-3105, Burns' 1933, § 455, Baldwin's 1934, provides for the giving of time to reduce excep-

tions to writing and further provides "That if a motion for a new trial shall be filed in a cause in which such decision so excepted to is assigned as a reason for a new trial, such motion shall carry such decision and exception forward to the time of ruling on such motion, and time may be then given by the court within which to reduce such exception to writing." This court has repeatedly held that the trial court can not grant time beyond the term within which to file a bill of exceptions unless such time be granted when the motion for a new trial is overruled. *Huntington Brewing Co.* v. *Miles* (1911), 177 Ind. 109, 96 N. E. 145; *Stremmel* v. *Gaar, Scott & Co.* (1911), 176 Ind. 600, 96 N. E. 703.

While Rule 1-5, Rules of the Supreme Court, *supra,* dispenses with the necessity of formal exceptions, that rule does not dispense with the necessity for bills of exception. Bills of exception are necessary to bring before this court the evidence, the record of the court's rulings and the objections of the complaining party thereto. Since the appellant at the time the motion for a new trial was overruled was not granted time beyond the term within which to file her bill of exceptions and since the bill of exceptions was not filed within the term, the evidence is not before us and we cannot determine a question predicated on the insufficiency of the evidence.

The third and last ground relied on by the appellant was the action of the trial court in sustaining the appellees' motion, to direct a verdict filed at the close of all of the evidence. This assigned ground presents no reversible error. Sustaining a motion for a directed verdict works no injury. The only available error is in the giving of such an instruction to

the jury. *Getchel* v. *The Chicago Junction Railway Co.*, (1902), 29 Ind. App. 410, 64 N. E. 618; *Bartley* v. *Chicago & E. I. Railway* (1942), 220 Ind. 354, 41 N. E. (2d) 805.

In this case the record is not clear as to whether the instruction given to the jury was given on the motion of the appellees or on the court's own motion. The record fails to disclose the instruction actually given by the court. The appellant seems to indicate that the instruction for a directed verdict, which the court actually gave, was not the instruction requested by appellees but was a different instruction given on the court's own motion. If this be true, this case illustrates why the granting of the appellees' motion could not constitute reversible error.

Since this appeal fails to present any question for review the judgment is affirmed.

NOTE.—Reported in 51 N. E. (2d) 82.