## HANSBROUGH *v.* STATE OF INDIANA

[No. 28,650.    Filed October 31, 1950.    Rehearing denied December 1, 1950.]

*T. Ernest Maholm,* of Indianapolis, for appellant.

*J. Emmett McManamon,* Attorney General; *Charles F. O'Connor* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

GILKISON, J.—Appellant, with three others, was charged by an indictment in the Johnson Circuit Court

with (count one) murder in the first degree in the commission of a robbery and (count two) murder in the first degree. On October 3, 1949 defendant Caine withdrew his plea of not guilty and entered a plea of guilty to the first count of the indictment, and was given a life sentence in the Indiana State Prison. On proper motion of the remaining defendants the venue of the case was changed to the Bartholomew Circuit Court. Trial of the cause was begun in that court on November 7, 1949, and concluded on November 14, 1949, when the jury returned a verdict of guilty of murder in the first degree as charged in the first count of the indictment against the defendants, and that each be punished by imprisonment during life. From a judgment on this verdict this appeal is taken by the appellant alone.

Appellant's motion for new trial was filed December 14, 1949. It was overruled December 22, 1949, with written reasons for the ruling. The motion for new trial is voluminous, but in substance is as follows:

1. Irregularities in the proceedings and orders of the court and abuse of discretion by which defendant was prevented from having a fair trial, to-wit:

(In his brief appellant expressly waives his specified irregularities (a) (b) and (c) and we therefore omit them here).

(d) Overruling defendant's motion for peremptory instruction at the close of all the evidence.

(e) In continuing the case only until the afternoon of the day fixed for trial, when one of defendant's attorneys withdrew from the case on the morning of the trial and another attorney entered his appearance for the defendant.

(f) Admission in evidence of a statement made by defendant before trial in the nature of a confession.

2 and 3. That the verdict is contrary to law and not sustained by sufficient evidence.

Error is assigned only in overruling the motion for new trial. We shall discuss the alleged errors as presented in the order noted.

(d) Neither the brief of appellant or appellee contains a copy of the motion for peremptory instruction allegedly made at the close of all the evidence, and we do not find such motion in the record. Presumably it was oral. It has been stated by text writers that such a motion may be presented orally. II Watson's Rev., *Works' Practice,* § 1684, p. 294; 2 Gavit, *Ind. Pleading & Practice,* § 365, pp. 2168, 2169. However, the two cases upon which this statement is based do not support the statment [*Stroble* v. *The City of New Albany* (1896), 144 Ind. 695, 42 N. E. 806; *Pesch* v. *Gretter* (1940), 216 Ind. 396, 24 N. E. 2d 923]. Rule 1-7 of our court, among other things, provides:

"The court's action in directing or refusing to direct a verdict shall be shown by order book entry. Error may be predicated upon such ruling or upon the giving or refusing to give a written instruction directing the verdict." The action of the trial court overruling the motion for directed verdict at the conclusion of all the evidence appears in the transcript; but there is nothing in the record indicating that a written instruction directing a verdict was ever tendered to the court. No independent assignment of error under Rule 1-7 was made. The question was presented only on the motion for new trial. This is permissible under the last paragraph of Rule 2-6 of our court, effective November 30, 1949.

Appellant contends that the *corpus delicti* was not proved. We agree with appellant that "Generally

speaking the term 'corpus delicti' means that the specific crime charged has actually been committed by someone." We think, in the case at bar, the *corpus delicti* would be proved when the evidence tended to prove that Lloyd Lawson Abbett was shot and killed at the time and place and in the manner charged in the first count of the indictment. *Hunt* v. *State* (1939), 216 Ind. 171, 178, 23 N. E. 2d 681; *Schuble* v. *State* (1948), 226 Ind. 299, 301, 79 N. E. 2d 647; *Evans* v. *State* (1946), 224 Ind. 428, 68 N. E. 2d 546. There is sufficient evidence in the record to prove the *corpus delicti*. Appellant's confession is only corroborative of the other evidence on this subject. The evidence indicates that appellant was one of the aiders and abettors in the commission of the crime. It was proper to charge him as a principal. Section 9-102, Burns' 1942 Replacement; *Workman* v. *State* (1939), 216 Ind. 68, 21 N. E. 2d 712, 23 N. E. 2d 419; *Breaz* v. *State* (1938), 214 Ind. 31, 34, 35, 13 N. E. 2d 952.

(e) On the morning of the date fixed for the trial appellant's attorney, Wesley C. Swails, withdrew his appearance for defendant. The record indicates that Swails and one Samuel Blum had been representing defendant at least since September 27, 1949, when they filed and presented his motion for separate trial. There is no record indicating the withdrawal of Samuel Blum and it must be presumed that he continued to represent defendant. Immediately after the withdrawal of attorney Swails as an attorney for defendant, attorney Edward J. Morrison entered his appearance for him. The record shows that when attorney Morrison entered his appearance for appellant, the court asked if he wanted a continuance, and Mr. Morrison answered: "Give me a short time to consult with my clients and with Mr. Acher, co-counsel." Thereafter,

at about 11 o'clock A. M. on November 7, 1949, attorney Morrison informed the court that the defendants would be ready for trial at 1:30 o'clock P. M. on that date. The trial began at that time as suggested by defendant's attorney.

There is nothing in the record indicating how long Mr. Morrison had been employed for defendant prior to the time he entered his appearance. But the record indicates his co-counsel, Mr. Acher, had been in the case for another of the defendants since April 15, 1949, or for nearly seven months past. It is reasonable to suppose that both attorneys felt that they were then as ready for trial of the cause as they would ever be. It is noticeable by the question he asked of Mr. Morrison, that the trial court at that time was ready to grant defendant a reasonable continuance if he asked for it.

We recognize fully that a defendant, charged with crime, has a right to have the advice and assistance of counsel at every stage of the proceedings against him. Art. 1, § 13, Indiana Constitution; Amendment 14, § 1, United States Constitution; *Suter* v. *State* (1949), 227 Ind. 648, 88 N. E. 2d 386, 390; *Bradley, Taylor* v. *State* (1949), 227 Ind. 131, 84 N. E. 2d 580; *Hoy* v. *State* (1947), 225 Ind. 428, 432, 75 N. E. 2d 915; *Batchelor* v. *State* (1920), 189 Ind. 69, 77, 84, 125 N. E. 773. However, when the court knows that a defendant has been represented for many months by competent counsel and yet suggests that a continuance will be granted if requested, because of a change in one member of counsel on the date of trial, it has certainly done everything for the defendant required of it under the constitution of our nation and state, and under our laws. In such a situation the court is not required to order a continuance of the case *sua sponte*, nor to order a continuance against the desire of a de-

fendant. We find no abuse of discretion on the part of the court in beginning and proceeding with the trial agreeable with the suggestion of defendant's counsel.

(f)   A written confession of appellant was offered in evidence. Appellant objected to the offered evidence, for the reason (1) that there was no proof of any aiding or abetting or conspiracy and under such conditions the confession would be admissible only against the person making it.   (2) That there was extraneous matter in the confession that was not admissible in this case.

Then by agreement of the parties the court struck out the extraneous matter complained of as inadmissible, overruled the objection, admitted the confession with the extraneous matter stricken, but limited it to evidence against the appellant only, and at the request of appellant's attorney, so instructed the jury at the time.   No further objection was made to the admission of the confession at the trial.

On appeal appellant's present counsel, who was not present at the trial, insists that the confession should not have been admitted in evidence because it was given under inducement, and under the influence of fear produced by threats against appellant and his wife, all when he was without counsel, and that the confession was wholly involuntary, produced only by the unlawful and sustained pressure of the police.   There are no facts in the record sustaining this contention.   If such facts exist appellant had a right to have them placed in the record fully at the trial as an additional reason for his objection.   Apparently appellant's trial counsel knew nothing of these possible facts and of course the trial judge knew nothing concerning them.   Counsel on appeal has attempted to bring them into the case by his mere statement without record support.   This cannot be done.

This court can only review the record made by the trial court to ascertain, under well known rules, whether or not it committed error. The record purports verity. We cannot hear additional evidence and certainly we cannot consider mere statements of counsel dehors the record. 4 C. J. S., Appeal and Error, §§ 680, 681, p. 1161; 3 Am. Jur., Appeal and Error, §§ 568, 571, 572, pp. 211, 212, 213; *Hay* v. *State* (1912), 178 Ind. 478, 479, 98 N. E. 712; *Scott* v. *State* (1911), 176 Ind. 382, 383, 96 N. E. 125; *Rose* v. *State* (1909), 171 Ind. 662, 673, 87 N. E. 103, 17 Ann. Cases 228.

It has been well stated that, "a party who seeks the reversal of a judgment must bring to this court a record affirmatively showing a material error, for, in the absence of such a showing, the presumption is in favor of the regularity of the rulings of the trial court." *Mercer* v. *Corbin* (1888), 117 Ind. 450, 455, 20 N. E. 132, 3 L. R. A. 221, 10 Am. St. Rep. 76.

We find no error in the admission in evidence of appellant's confession with the limitation noted.

2 and 3. Appellant complains about the form of the verdict—the complaint being that it finds all the defendants guilty as charged in the first count of the indictment and that each be punished by imprisonment during life. When the cause came to the Bartholomew Circuit Court there were but three defendants in the case. All were tried at the same time. No complaint as to the form of the verdict was made by the defendant when it was rendered in the trial court. We are unable to find anything materially wrong with it now.

Appellant correctly states "several persons may be jointly accused of crime, but if they are convicted, the judgment should be rendered against them severally and not jointly." In the case at bar the trial court rendered judgment that each of the

defendants be imprisoned in the Indiana State Prison for and during their natural lives. No motion to modify the judgment was made in the trial court. Under these conditions we think it may be construed properly as a several judgment against each of the three defendants then before the court. *Sturgeon* v. *Gray* (1884), 96 Ind. 166, 172; *The Berkey & Gay Furniture Company* v. *Hascall* (1890), 123 Ind. 502, 510, 24 N. E. 336.

Finding no error in the record the judgment of the trial court is affirmed.

Note.—Reported in 94 N. E. 2d 534.