COLEMAN *v.* NEW YORK, CHICAGO & ST. LOUIS RAILROAD
COMPANY.

[No. 18,144.   Filed November 19, 1951.]

*Floyd E. Harper,* of Tipton, and *Jump, Winslow & Noel,* of Kokomo, for appellant.

*McClure, Shenk & Ellis,* of Kokomo; *Harker & Irwin,* of Frankfort; and *W. F. West* (of counsel), of Cleveland, Ohio, for appellee.

CRUMPACKER, J.—We are asked to reverse the judgment in this case because of the following assigned

errors upon which the appellant says she relies: (1) "The court erred in not admitting in evidence appellant's exhibits Nos. 3, 4, 5, 6 and 7 as evidence of ordinances set out in appellant's complaint;" (2) "the judgment of the jury directed by the court was not sustained by sufficient evidence and was contrary to law;" and (3) "the court erred in overruling the appellant's motion for a new trial." We assume that the word "judgment" appearing in the second assignment of errors was inadvertently used and that the word "verdict" was intended. These propositions will be dealt with in their order.

(1) Both this and the Supreme Court have repeatedly held that where the objections to the admission of evidence and the rulings thereon are not set out in the motion for a new trial no question is presented for review on appeal. *Kimmick* v. *Linn* (1940), 217 Ind. 485, 29 N. E. 2d 207; *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 24 N. E. 2d 912; *Wagner* v. *Howard Sober, Inc.* (1949), 119 Ind. App. 617, 86 N. E. 2d 719; *Loehr* v. *Meuser* (1950), 120 Ind. App. 630, 93 N. E. 2d 363. The appellant's brief fails to set out her motion for a new trial and it is impossible for us to determine whether or not it is sufficient in this respect nor can we determine error when we do not know what objections caused the court to exclude the exhibit mentioned.

(2) The verdict of the jury in this case is negative and an assignment that it was not sustained by sufficient evidence presents no question. *Cart* v. *Fleming* (1950), 119 Ind. App. 690, 88 N. E. 2d 577; *Kaiser* v. *Shannon* (1950), 120 Ind. App. 140, 90 N. E. 2d 819 and cases cited. However, even in the case of a negative verdict, an assignment that it is contrary to law presents a question,

*Kendall Lumber & Coal Co.* v. *Roman* (1950), 120 Ind. App. 368; 91 N. E. 2d 187, if it is assigned as grounds for a new trial. If assigned independently it presents no question. *State* v. *Brubeck* (1932), 204 Ind. 1, 170 N. E. 81; *Greenwell* v. *Cunningham* (1948), 118 Ind. App. 251, 76 N. E. 2d 684; *Keeshin Motor Express Co.* v. *Glassman* (1942), 219 Ind. 538, 38 N. E. 2d 847. The injection of the term "directed by the court" in this assignment of error leads us to believe that the appellant is complaining of the court's action in sustaining the appellee's motion for a directed verdict and so instructing the jury. If this was error it should have been assigned as grounds for a new trial as matters occurring during the trial are not proper as independent assignments. *State* v. *Brubeck, supra.* Again the failure of the appellant to set out her motion for a new trial in her brief unables us to determine this question.

(3) Obviously we cannot determine whether the court erred in overruling the appellant's motion for a new trial when we do not know what alleged error the motion assigns. Rule 2-17 (d) requires that the appellant's brief shall contain a "concise statement of so much of the record as fully presents every error relied upon." The appellant seems to have made little effort to comply with this rule as her brief, in addition to the motion for a new trial, omits the pleadings, the judgment (see Rule 2-17 (c)) and a condensed recital of the evidence in narrative form or any part thereof. A portion of the testimony of three witnesses, in question and answer form, is scattered through the brief, some of it appearing under a heading "Propositions, Points and Authorities" which is no longer recognized as a proper subdivision in briefing a case on appeal and some of it called to our attention for the first time in the appellant's reply brief.

Under the heading "Argument" the appellant's brief discusses the errors upon which she relies only in the most general way and no authority whatever is cited in support thereof. Were we to hold that this portion of the brief meets the requirements of Rule 2-17 (e) we would be compelled to indulge in a liberality of construction that would nullify the rule. Even in our desire to credit a good faith effort we cannot go that far.

No question having been presented to us for review, the judgment is affirmed.

Wiltrout, J., concurring with opinion.

## CONCURRING OPINION

WILTROUT, J.—I concur in the result reached in this case, but do not concur in that part of the majority opinion which holds that error in a trial court's action in directing a verdict may not be presented by an independent assignment of errors.

The following wording was added to Rule 1-7 in 1943:

> "The court's action in directing or refusing to direct a verdict shall be shown by order book entry. Error may be predicated upon such ruling or upon the giving or refusing to give a written instruction directing a verdict."

The purpose of this change in the Rule seems clear. It was apparently intended to obviate a somewhat technical line of holdings. It was formerly held that a specification in a motion for new trial that the court erred in overruling or sustaining a motion for a directed verdict presented no question, but that the error which must be specified in the motion for new trial was the giving or refusing to give a peremptory instruction. *Wahl Co.* v. *Compton* (1941), 109 Ind. App. 631, 36 N.

E. 2d 942; *McKinnon* v. *Parrill* (1942), 111 Ind. App. 343, 38 N. E. 2d 1008; *Chicago & Erie R. Co.* v. *Patterson* (1941), 110 Ind. App. 94, 34 N. E. 2d 960; *Bartley* v. *Chicago & E. I. Ry. Co.* (1942), 220 Ind. 354, 41 N. E. 2d 805; *Long* v. *Archer* (1943), 221 Ind. 186, 46 N. E. 2d 818; *Kubisz* v. *Pomorski* (1943), 221 Ind. 655, 51 N. E. 2d 82.

That the erroneous action of the court in directing a verdict or in refusing to direct a verdict is "error of law occurring at the trial," Burns' 1946 Replacement, § 2-2401, and hence a proper ground of a motion for new trial seems clear, even in the absence of Rule 2-6.

Were we free to hold that the error cannot be presented by an independent assignment of error, I would have less difficulty in agreeing with the majority opinion on this point. But, while not directly so holding, the Supreme Court has strongly intimated that, in its opinion, under the present Rule 1-7, an independent assignment of error is proper, and I feel that we should be bound by such intimation. *Hansbrough* v. *State* (1950), 228 Ind. 688, 94 N. E. 2d 534.

The wording of the independent assignment of error in this case that, "the judgment of the jury directed by the court was not sustained by sufficient evidence and was contrary to law," in my opinion, does not even remotely approach a proper assignment of error in directing the verdict, even though such error may be assigned independently. I, therefore, concur in the result reached in the majority opinion.

NOTE.—Reported in 101 N. E. 2d 721.